# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00367-CV

**Reginald I. Bailey a/k/a Ray Hill, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT**
**NO. D-1-GN-07-000300, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Reginald I. Bailey, a/k/a Ray Hill, is an inmate at the Texas Department of Criminal Justice, Institutional Division and seeks to appeal from a district court order dismissing his lawsuit with prejudice for failure to comply with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002) (establishing procedural requirements for inmate litigation). The State of Texas has informed this Court that it believes Bailey's appeal to be untimely; therefore, the State will not be filing a brief in this matter. Because we conclude that Bailey's notice of appeal was untimely and he has not satisfied the prerequisites for a restricted appeal, we dismiss the appeal for lack of jurisdiction.

The order dismissing Bailey's case was signed and entered by the district court on December 6, 2007. Bailey did not file any post-judgment motions that would extend the deadline for perfecting an appeal. *See* Tex. R. App. P. 26.1(a). Thus, Bailey's notice of appeal was due on

or before January 7, 2008, or 30 days after the district court's order was signed.[1] *See id.* Bailey filed his notice of appeal with this Court on June 2, 2008, almost six months after the district court's order was signed.[2] We therefore agree with the State that Bailey's notice of appeal was untimely, but this does not end our inquiry.

Although Bailey's notice of appeal was not filed within the requisite 30-day deadline, Rule 26.1 of the rules of appellate procedure allows for a restricted appeal when the appellant's notice of appeal is filed within six months after the judgment or order appealed from is signed. *See id.* 26.1(c). Because Bailey filed his notice of appeal within the six-month time period specified in Rule 26.1(c), we consider whether Bailey has satisfied the requirements for a restricted appeal.

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. *Id.* 30. Rule 30 provides in relevant part:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

---

[1] The 30-day deadline for perfecting an appeal would actually be January 5, 2008. Because the 5th of January fell on a Saturday, Bailey's notice of appeal was required to be filed on the next business day, or Monday, January 7, 2008. *See* Tex. R. App. P. 4.1(b).

[2] Because Bailey's notice of appeal was filed after the period for granting an extension of time under Rule 26.3 had passed, we cannot imply a motion for extension of time, and Bailey's notice of appeal is insufficient to invoke this Court's jurisdiction. *See* Tex. R. App. P. 26.3 (formerly Tex. R. App. P. 41.(a)(2)); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying motion for extension of time under former Tex. R. App. P. 41(a)(2) when notice of appeal filed after 30-day deadline, but within time period allowed for extension).

*Id.* A restricted appeal is available for the limited purpose of providing a non-participating party an opportunity to correct an erroneous judgment. *Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied). It does not allow a participating party who suffers an adverse judgment another opportunity to have the merits of his case reviewed. *Id.* A restricted appeal is available to Bailey only if he: (1) filed his notice of appeal within six months of the district court's order; (2) was a party to the underlying suit; (3) did not participate in the dismissal hearing; and (3) can demonstrate error apparent on the face of the record. *See* Tex. R. App. P. 30; *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (discussing requirements for restricted appeal under Rule 30); *see also Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (discussing requirements for writ of error appeal under former Tex. R. App. P. 45).[3]

Although Bailey satisfies the first two of these requirements, he fails to satisfy the third. Bailey filed his notice of appeal within six months of the district court's order of dismissal, and he was a party to the underlying suit. However, the record reflects that Bailey filed the underlying petition as well as various pleadings responding to the State's motion to dismiss in the district court. The record further demonstrates that the district court held a hearing on the State's motion to dismiss on December 6, 2007, and that Bailey participated in the dismissal hearing via telephone.

In determining whether the non-participation requirement of Rule 30 is met, the question before us is whether Bailey participated in the "decision-making event" that resulted in the

---

[3] Restricted appeals replaced writ of error appeals under former Rule 45 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 30.

district court's judgment. *See Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex. 1996) (discussing the non-participation requirement under former Tex. R. App. P. 45); *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (same). According to the supreme court, participation means:

> taking part in a . . . "hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment."

*Withem*, 922 S.W.2d at 957 (quoting *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096, 1097-98 (Tex. 1941)).

Bailey does not dispute that he participated via telephone in the dismissal hearing held by the district court on December 6, 2007. Nor does he dispute that he filed pleadings in response to the State's motion to dismiss. On this record, we conclude that Bailey participated in the decision-making event that led to the district court's order of dismissal. We also conclude that Bailey participated within the meaning of Rule 30 and, therefore, does not satisfy the requirements for a restricted appeal. *See* Tex. R. App. P. 30; *see Texaco, Inc.*, 925 S.W.2d at 589 (discussing what it means to "participate" within meaning of former Tex. R. App. P. 45); *Diferrante v. Keraga*, 976 S.W.2d 683, 685 (Tex. App.—Houston [1st Dist.] 1997, no writ) (same).

Because Bailey's notice of appeal was untimely and he does not satisfy the requirements of a restricted appeal, this Court lacks jurisdiction. *See* Tex. R. App. P. 26.1; 30; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion

4

for extension of time under [former] Rule 41(a)(2) has passed, a party can no longer invoke the appellate court's jurisdiction."); *Clopton*, 66 S.W.3d at 515 (requirements for restricted appeal "are jurisdictional and will cut off a party's right to seek relief . . . if they are not met"). Accordingly, we dismiss the appeal for lack of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed:   December 12, 2008

5