Affirmed and Opinion filed April 13, 2010 

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00589-CV



Robert W.
Jackson, Appellant 

v.

H. Chris
Hoffman Individually, d/b/a Shadygrove Restorations, and d/b/a Chris Service, Appellee 



On Appeal from
the 189th District Court

Harris County, Texas

Trial Court
Cause No. 2009-26172



 

OPINION

This is an appeal from the granting of a special
appearance filed by appellee, H. Chris Hoffman individually, d/b/a Shadygrove
Restorations, and d/b/a Chris Service.  Appellant, Robert W. Jackson, appeals
the trial court’s order granting appellee’s special appearance and dismissing
appellant’s law suit.  Appellant contends (1) the court has personal
jurisdiction over appellee; and (2) appellee waived the special appearance.  We
affirm. 

 

Factual and Procedural Background

In the suit underlying this appeal, appellant sued
appellee for trespass to chattels, breach of contract, common law fraud,
violations of the Texas Deceptive Trade Practices Act, common law breach of
warranty of good and workmanlike services, and common law breach of implied
warranty of suitability.  Appellant’s claims arise from a contract requiring
appellee to perform restoration services on appellant’s 1969 Chevrolet Camaro. 
Appellee is a Missouri resident who operated an automobile repair and
restoration shop in Missouri.  In April 2007, appellant, a Texas resident,
contacted appellee to discuss whether appellee could restore appellant’s 1969
Camaro.  At that time, appellant’s Camaro was located at another restoration
shop in Missouri.  Appellant discovered appellee’s business by performing a
“Google” internet search, which lead appellant to appellee’s website, www.shadygroverestorations.com.[1]  After
emailing back and forth, the parties entered into an agreement for appellee to
retrieve appellant’s Camaro from the other automotive shop in Missouri and
begin restoration services in exchange for monetary payments from appellant. 
Eventually, the receipts sent by appellee to appellant for labor and materials went
above the initial price estimation and the Camaro was only eighty percent
restored.  Communications broke down and this lawsuit ensued.

Appellant filed suit in Harris County, Texas on April
27, 2009, alleging six different causes of actions arising from the failed
Camaro restoration.[2] 
Appellant asserted jurisdiction under the Texas long-arm statute.  Tex. Civ.
Prac. & Rem. Code Ann. §§ 17.041 - .045 (Vernon 2008).  Appellee filed a
special appearance on June 2, 2009.  On June 19, 2009, the trial court held a
hearing on appellee’s special appearance.  After the hearing, the trial court signed
an order sustaining appellee’s special appearance and dismissing the suit.  

During the special appearance hearing, appellant
argued that appellee’s affidavit contained misrepresentations.  Specifically,
appellant complained appellee’s affidavit stated he was fifty-seven years of
age when in fact he was only fifty-five; and that in his affidavit appellee
exaggerated his level of automobile restoration experience.  According to
appellee’s brief, these complaints were much to the chagrin of the trial court,
resulting in the court threatening to sanction appellant if he could not
support his allegations of misrepresentation.  Apparently motivated by the
trial court’s comments, after the hearing appellee sent appellant a letter
indicating he would file a motion for sanctions if appellant filed an appeal on
the basis of the trial court’s refusal to strike appellee’s affidavit due to
the alleged misrepresentations.  

Appellant did in fact appeal the trial court’s
granting of the special appearance, claiming the trial court has personal
jurisdiction over appellee and arguing appellee’s alleged misrepresentations waived
his special appearance and constituted a general appearance.  Appellee filed a
response brief, which incorporated a motion for sanctions on the basis that
appellant’s appeal was frivolous.  See Tex. R. App. P. 45.  Appellant
filed a reply brief arguing appellee’s motion for sanctions waived his special
appearance.  Appellee subsequently filed a supplemental motion for sanctions
with this court, contending the motion for sanctions did not waive his special
appearance. 

Discussion

I.         Waiver

Appellant contends appellee waived his special
appearance by making misrepresentations in his affidavit and by filing a motion
for sanctions.  A defendant waives its right to contest the trial court’s
exercise of personal jurisdiction over it when the defendant: (1) invokes the
judgment of the court on any question other than jurisdiction; (2) engages in
acts that recognize an action is properly pending; or (3) seeks affirmative
action from the court.  Moore v. Pulmosan Safety Equip. Corp.,
278 S.W.3d 27, 32 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  We
review a trial court’s finding with regard to waiver under a de novo standard
of review.  Id.    

A.        Appellee’s Affidavit

Appellant argues there are two misrepresentations in
appellee’s affidavit that waive appellee’s special appearance.  The first
misrepresentation being that appellee stated he has been a resident of Missouri
for fifty-seven years when he is in fact only fifty-five years old.  The second
misrepresentation is regarding appellee’s level of experience restoring
automobiles.  In his affidavit, appellee states: “[u]ntil recently, I operated
Shadygrove Restorations, located in Saint Charles County, Missouri.  I
generally worked [sic] restoring and repairing automobiles that were 10 years or
older [sic].”  Appellant argues this is in direct contrast to statements made
to the St. Charles County Neighborhood Preservation Department, to whom
appellee allegedly informed that he never operated a business of any capacity
beyond appellant’s 1969 Camaro restoration.[3] 
Appellant contends this court “should hold that false statements to the court
of Texas in a 120a Special Appearance subject the nonresident defendant to the
jurisdiction of the court. . . .”  

In Exito Electronics Co. v. Trejo, the Texas
Supreme Court held that an appellate court erred in holding that a defective
verification and affidavit resulted in a waiver of the nonresident’s special
appearance. Exito Electronics Co. v. Trejo, 142 S.W.3d 302, 308 (Tex.
2004).  In that case, the nonresident defendant filed a verified special
appearance and attached a supporting affidavit.  Id. at 304.  The
verification did not identify how the affiant had obtained personal knowledge
of the facts stated in the special appearance.  Id.  The attached
affidavit contained a jurat and a notary signature, but did not include a
legible identification of the notary or a notary seal.  Id.  The court
of appeals held the nonresident defendant waived his special appearance by
failing to submit evidence supporting its special appearance in the trial
court, as the verification and attached affidavit were fatally defective.  Exito
Electronics Co. v. Trejo, 99 S.W.3d 360, 373 (Tex. App.—Corpus Christi
2003), rev’d, 142 S.W.3d 302 (Tex. 2004).  The Texas Supreme Court
disagreed and explained: “[a]ny defect in proof goes to the merits; it is
simply not a waiver issue.”  Id. at 308.  We hold this reasoning extends
to the complained of misrepresentations in appellee’s affidavit.  Therefore, the
alleged misrepresentations in appellee’s affidavit go to the merits of the special
appearance motion and do not serve to waive the special appearance.  See id. 


B.        Motion for Sanctions

Next, in his reply brief, appellant argues appellee
waived his special appearance by filing a motion for sanctions with this court.
 In Dawson-Austin v. Austin, the Texas Supreme Court clarified what constitutes
waiver of a special appearance.  Dawson-Austin v. Austin, 968 S.W.2d 319
(Tex. 1998).  In doing so, the Court discussed Portland Sav. & Loan
Ass’n v. Bernstein, where the Corpus Christi Court of Appeals held a motion
for sanctions and a motion to disqualify counsel filed subsequent to the
special appearance, but not filed “subject to” the special appearance, did not
comply with Rule 120a and therefore constituted a general appearance.  Portland
Sav. & Loan Ass’n v. Bernstein, 716 S.W.2d 532, 534–35 (Tex.
App.—Corpus Christi 1985, writ ref’d n.r.e.); Dawson-Austin, 968 S.W.2d
at 323.  In Dawson-Austin, the Texas Supreme Court overruled Portland
to the extent Portland required filing a motion for sanctions “subject
to” the special appearance.  Dawson-Austin, 968 S.W.2d at 323. 
Accordingly, we hold the motion for sanctions in this case, which was filed
subsequent to the special appearance, does not waive appellee’s special
appearance.  See id.; Tex. R. Civ. P. 120a(1) (providing “[s]uch special
appearance shall be made by sworn motion filed prior to motion to transfer
venue or any other plea, pleading, or motion; provided however, that a motion
to transfer venue and any other plea, pleading or motion may be contained in
the same instrument, or filed subsequent thereto without waiver of such
special appearance . . . .” (emphasis added)).   

Accordingly, we overrule appellant’s issues regarding
waiver.  

II.        Personal Jurisdiction

Appellant argues the trial court erred in sustaining
the Rule 120a special appearance motion filed by appellee.  Appellant contends
appellee had sufficient minimum contacts with the State of Texas so that
assertion of personal jurisdiction over him would not offend traditional
notions of fair play and substantial justice.  

A.        Standard of Review

The plaintiff bears the initial burden of pleading
sufficient allegations to bring a nonresident defendant within the personal
jurisdiction of a Texas Court.  BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 793 (Tex. 2002).  A defendant challenging the court’s assertion
of personal jurisdiction must negate all jurisdictional bases.  Id.  

Whether a court has personal jurisdiction over a
defendant is a question of law, which we review de novo.  Id. at 794. 
Frequently when deciding a special appearance, a trial court must resolve
questions of fact before deciding the jurisdiction question.  Id.  When,
as here, a trial court does not issue findings of fact and conclusions of law
with its special appearance ruling, all facts necessary to support the judgment
and supported by the evidence are implied.  Id. at 795.  A reviewing
court must affirm if the judgment can be upheld on any legal theory supported
by the evidence.  Minucci v. Sogevalor, S.A., 14 S.W.3d 790, 794 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

B.        Personal Jurisdiction

The Texas long-arm statute governs Texas courts’
exercise of jurisdiction over nonresident defendants.  See Tex. Civ.
Prac & Rem. Code Ann. §§ 17.041-.045 (Vernon 2008).  That statute permits
Texas courts to exercise jurisdiction over nonresident defendants doing
business in the state of Texas.  Tex. Civ. Prac. & Rem. Code Ann. § 17.042
(Vernon 2008).  The broad language of section 17.042 extends Texas courts’
personal jurisdiction as far as the federal constitutional requirements of due
process will permit.  BMC Software, 83 S.W.3d at 795.  Because the
long-arm statute’s concept of “doing business” extends as far as federal due
process will allow, any activity or contact which satisfies due process
constitutes doing business, and any contact which does not satisfy due process
does not constitute doing business, and we need not analyze the “doing business”
requirement separate from the due process requirement.  Vosko v. Chase
Manhattan Bank, N.A., 909 S.W.2d 95, 98 (Tex. App.—Houston [14th Dist.]
1995, writ denied).  To determine whether the assertion of personal
jurisdiction is consistent with the requirements of due process, we rely on
precedent from the United States Supreme Court and other federal courts, as
well as Texas decisions.  BMC Software, 83 S.W.3d at 795.

Personal jurisdiction over nonresident defendants is
constitutional when two conditions are met: (1) the defendant has established
minimum contacts with the forum state, and (2) the exercise of personal
jurisdiction comports with traditional notions of fair play and substantial
justice.  Id. (citing Int’l Shoe Co. v. Washington, 326 U.S. 310,
316 (1945)).  The purpose of the minimum contacts analysis is to protect the defendant
from being hailed into court when its relationship with Texas is too attenuated
to support jurisdiction.  Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 806 (Tex. 2002).  The minimum contact analysis requires that a
defendant “purposefully avail” himself of the privileges of conducting activities
within the state of Texas, thus invoking the benefits and protections of Texas
law.  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462,
475 (1985)).  Where the defendant has deliberately created continuing
obligations between himself and residents of the forum state, he manifestly has
availed himself of the privilege of conduction business there.  Burger King,
471 U.S. at 475–76.

A defendant is subject to personal jurisdiction based
on his own purposeful activity and not on the unilateral acts of a third
party.  Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777,
785 (Tex. 2005).  Therefore, it is only the defendant’s contacts with the forum
that count when determining whether he has purposefully availed himself of the
privilege of conducting business in the state of Texas.  Id.  In
addition, the acts relied upon must be “purposeful” rather than fortuitous.  Id. 
Also, a defendant must seek some benefit, advantage, or profit by “availing”
himself of the jurisdiction.  Id.  It is the quality and the nature of
the defendant’s contacts, rather than the quantity, that is important to the
minimum contact analysis.  Am. Type Culture, 83 S.W.3d at 806.  Random,
isolated, or fortuitous contacts with the forum state are insufficient to
confer jurisdiction.  Michiana, 168 S.W.3d at 785.  

Personal jurisdiction exists if the nonresident
defendant’s minimum contacts give rise to either general or specific
jurisdiction.  BMC Software, 83 S.W.3d at 795.  General jurisdiction is
present when the defendant’s contacts in a forum are continuous and systematic
so that the forum may exercise personal jurisdiction over the defendant even if
the cause of action did not arise from or relate to activities conducted within
the forum state.  Id. at 796.  Specific jurisdiction is established if
the cause of action arises from the defendant’s contacts with the forum.  Id. 
The nonresident defendant’s purposeful conduct, not the unilateral acts of the
plaintiff, must have caused the contact.  See Helicopteros Nacionales de
Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  In the case at
bar, appellant has conceded that appellee’s contacts do not rise to the level
required for general jurisdiction; thus, we will only look at appellee’s
contacts in regard to specific jurisdiction.  

C.        Analysis

Appellee is a Missouri resident who, for a brief
period of time, was running an automobile restoration shop located in
Missouri.  Appellee does not have Texas residency, a registered agent in Texas,
a Texas business, or any employees in Texas. Appellant argues Texas courts can
assert personal jurisdiction over appellee because (1) appellee’s website is
more than passive, therefore making it a factor in the minimum contacts
analysis; (2) appellee mailed bills, invoices, and a compact disk to an address
in Texas; and (3) email communications between the parties.  Appellee contends
the circumstances in this case are nearly identical to those in Michiana
Easy Livin’ Country, Inc. v. Holten.  Michiana, 168 S.W.3d at 777. 
In that case a Texas resident sought out services from an Indiana resident.  Id.
at 784.  The Indiana resident never traveled to Texas, did not have employees
in Texas, did not advertise in Texas and was not licensed to do business in
Texas.  Id.  Additionally, the requested services were performed in
Indiana and payments were made outside Texas.  Id.  Allegedly, the
Indiana resident made a misrepresentation over the telephone to the Texas
resident, which was the basis of the underlying suit.  Id.  The Texas
Supreme Court held the Indiana resident did not have sufficient minimum
contacts with Texas to warrant establishing personal jurisdiction over the
Indiana resident in Texas.  Id. at 794.    

Although, Michiana is similar, it is not
identical as appellee contends.  In the instant case, appellee ran a website to
market his services, which was accessible to all persons with internet access,
including Texas residents.  Thus, we must first address whether appellee’s
website provides us with a basis for jurisdiction. 

            1.         Appellee’s Website

 It is constitutionally permissible to exercise
personal jurisdiction over one who conducts activity over the internet in a
commercial nature and quality.  Experimental Aircraft Ass’n, Inc. v. Doctor,
76 S.W.3d 496, 506 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing Zippo
Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). 
The nature and quality of these internet contacts are evaluated on a “sliding
scale.”  Id.  At one end of the spectrum, jurisdiction exists where one
clearly does business over the internet by entering into contracts and through
the repeated transmission of computer files.  Id.  At the other end,
personal jurisdiction would not be appropriate where one passively posts
information on the internet.  Id. at 506–07.  Courts evaluate the middle
ground contacts based on the level of interactivity and the commercial nature
of the exchange of information.  Texas courts apply this “sliding scale” in
determining whether internet activity permits personal jurisdiction.  Id.
at 507.   

Appellee’s website consisted of a home page
explaining his services and a link to a gallery of photos.  The gallery
contained numerous examples of appellee’s restoration projects.  The home page
contained appellee’s telephone number and encouraged interested persons to
contact him.  According to appellant’s affidavit, there was also a contact
page, which provided appellee’s email address and a contact form.  In Michel
v. Rocket Engineering Corp., the Fort Worth Court of Appeals held the
nonresident defendant’s website was passive advertising where the nonresident
defendant’s website allowed potential customers to send information to the
defendant and the defendant representative could then contact them with
additional information.  Michel v. Rocket Eng’g Corp., 45 S.W.3d 658,
677–78 (Tex. App.—Fort Worth 2001, no pet.).  The Michel court looked at
the Fifth Circuit’s decision in Mink v. AAAA Dev. LLC., in which the
court characterized a website as passive where the customer could send
information to the host but there was no opportunity for response by the host computer. 
Mink v. AAAA Dev. LLC., 190 F.3d 333, 336 (5th Cir. 1999); Michel,
45 S.W.3d at 678. The Fifth Circuit stated “[w]hile the website provides users
with a printable mail-in order form, AAAA’s toll-free telephone number, a
mailing address and an electronic mail (“e-mail”) address, orders are not taken
through AAAA’s website.”  Mink, 190 F.3d at 337.  Consequently, the
Court concluded that the website could not be classified as anything more than
passive advertising, which is a not ground for the exercise of personal
jurisdiction.  Id. (citing Zippo, 952 F. Supp. at 1124).  

  In the instant case, the only interactive qualities
are appellant’s telephone number, email address, and a contact form.  There is
no evidence explaining the nature of the “contact form” or whether the host
computer responds to contacts via this form.  Without that evidence, we
conclude appellee’s website is a passive form of advertising.  The presence of a
contact form, email address, and phone number are insufficient to move the
website beyond passive on the sliding scale of interactivity.  See Gessmann
v. Stephens, 51 S.W.3d 329, 339 (Tex. App.—Tyler 2001, no pet.) (finding
website too passive to provide proper basis for personal jurisdiction where
only interactive feature is link to email defendant).  Consequently, we hold
the website’s level of interactivity does not rise to a level indicating
appellee’s purposeful availment of the Texas market so as to constitute an
additional contact justifying specific jurisdiction.  See J.A. Riggs Tractor
Co. v. Bentley, 209 S.W.3d 322, 332 (Tex. App.—Texarkana 2006, no pet.)
(holding because website was on the passive end of the spectrum, it did not
constitute an additional contact within a specific jurisdiction analysis).  

            2.         Mailings and Email
Communications

Appellant also contends that appellee’s mailings and
email communications provide sufficient contacts to establish personal
jurisdiction.  There is evidence the parties communicated primarily through
email and established the agreement for restoration services by way of email
communication.  Additionally, there is evidence that appellee used the U.S.
mail to send appellant a compact disk containing photos of past work and bills
for labor and parts.  

The United States Supreme Court has held that
purposeful availment is one of the main touchstones of due process.  Hanson
v. Denckla, 357 U.S. 235, 253 (1958).  “It is essential in each case that
there be some act by which the defendant purposefully avails itself of the
privilege of conducting activities in the forum state, thus invoking the
benefits and protections of its laws.”  Purposeful availament has at least
three aspects.  Michiana, 168 S.W.3d at 785.  First, only the
defendant’s forum-state contacts matter, not anyone else’s.  Id. 
Second, the contacts must be purposeful, not merely random, isolated, or
fortuitous.  Id.  Third, a nonresident defendant must seek some benefit,
advantage, or profit by availing itself of the jurisdiction, thus impliedly
consenting to its laws.  Id.  Both the United States Supreme Court and
the Texas Supreme Court have found no purposeful availment in cases involving
isolated sales solicited by consumers who proposed to use the product in a
state where the defendant did no business.  Id. at 786.

Appellant sought out the services of appellee
presumably because appellant’s Camaro was already located in Missouri. 
Appellant discovered appellee through his website, which, as explained above,
was a passive website solely for advertising.  In an email constituting the
contract between the parties, appellee began the email: “as per your request”. 
This indicates appellant sought out appellee’s business.  Nowhere in the email
was there any mention of appellant’s Texas residency.  The email indicates
appellee set the terms of the agreement and only upon appellant’s acceptance of
those terms would appellee agree to restore appellant’s Camaro.  Appellee did
not purposefully avail himself of the privileges of conducting business in this
state.  All of appellee’s contacts with Texas were made at the request of
appellant.  Accordingly, we hold the trial court did not err in sustaining
appellee’s special appearance.  Appellant’s first issue is overruled.  

III.      Sanctions

Appellee has asked this court to impose sanctions on
appellant, contending this appeal is frivolous.  See Tex. R. App. P.
45.  Under rule 45 this court may award just damages to a prevailing party if
it determines that an appeal is frivolous.  Id.; Clopton v. Pak,
66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied).  The question of
whether to grant sanctions is a matter of discretion, which we exercise with
prudence and caution, and only after careful deliberation.  Angelou v.
African Overseas Union, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.]
2000, no pet.).  Although imposing sanctions is within our discretion, we will
do so only in circumstances that are truly egregious.  Id.  Though we
disagree with the merits of appellant’s appeal, after considering the record
and briefs, we do not believe the circumstances in this case warrant sanction. 
We therefore overrule appellee’s request for Rule 45 sanctions.

 

 

 

Conclusion

Having overruled all issues on appeal, we affirm the
trial court’s judgment.  

 

                                                                                    

         
                                                              /s/        John
S. Anderson

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

 

 

 

            








 









[1]
Appellee’s website is no longer in existence.





[2]
The suit was originally filed in federal court in the Southern District of
Texas; however, shortly after the federal suit was filed, appellant recovered
his Camaro from appellee and the amount in controversy fell below the required
amount for diversity jurisdiction.  





[3]
This statement is evidenced by an email appellee sent to the Director of
Neighborhood Preservation in St. Charles County, Missouri, which was attached
to appellant’s Notice of Opposition to Defendant’s Special Appearance.