John Benjamin CLOPTON, Jr., Individually, Barbara Ann Clopton, Individually, and John Benjamin Clopton, Jr. and Barbara Ann Clopton as the Heirs of the Estate of David Wayne Clopton, Deceased, Appellants,

v.

Chi–Suk PAK and Debbie J. Mobley, Appellees.

No. 2–01–268–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 28, 2001.

John Benjamin Clopton, Jr., Barabara Ann Clopton, Venus, pro se.

Kervyn B. Altaffer, Dallas, for appellees.

Panel D: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellants seek a restricted appeal from an agreed order dismissing their claims against appellees. Appellees filed a motion to dismiss the appeal for lack of jurisdiction on the grounds that (1) the notice of appeal was untimely and (2) appellants participated, through counsel, in the proceedings that resulted in the dismissal order, which precludes them from seeking relief by way of a restricted appeal. Appellees also seek damages for a frivolous appeal under rule 45 of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 45. We deny rule 45 damages and dismiss the appeal for want of jurisdiction.

## RESTRICTED APPEAL

 To be entitled to a restricted appeal, appellants must first show they: (1) filed their notice of restricted appeal within six months after the trial court signed the judgment or order; (2) are parties to the suit; and (3) did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a). See TEX.R.APP. P. 26.1(c), 30; *Franklin v. Wilcox,* 53 S.W.3d 739, 741 (Tex.App.-Fort Worth 2001, no pet.). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Id.* (holding that court lacked jurisdiction over restricted appeal because appellant had participated through his attorney in the hearing that led to the adverse order); *Lab. Corp. v. Mid–Town Surgical Ctr., Inc.,* 16 S.W.3d 527, 528–29 (Tex.App.-Dallas 2000, no pet.) (holding that court lacked jurisdiction over restricted appeal when laboratory corporation was precluded from perfecting restricted appeal because it had filed a timely post-judgment motion and where its notice of appeal was filed more than six months after judgment was signed). Once appellants establish they have met these requirements, they must then establish error apparent from the face of the record before they will be entitled to relief from the adverse judgment. *See Franklin,* 53 S.W.3d at 741 (noting that restricted appeal affords appellant the same scope of review as an ordinary appeal). Appellees contend appellants have not met the first and third requirements of rule 30, and are therefore precluded from seeking a restricted appeal.

### *Timeliness of Appeal*

 Appellees first argue that appellants did not timely perfect their restricted appeal. Rule 26.1(c) provides that a notice of restricted appeal must be filed within six months after the judgment or order is signed. TEX.R.APP. P. 26.1(c). Here, the dismissal order was signed on February 22, 2001, and appellants filed their notice of appeal on August 23, 2001. Appellees claim the notice of appeal was one day late and should have been filed by August 22. Appellants argue that their notice was

timely because, under rule 4.1(a), the day the order was signed is not included in calculating the deadline for their notice of appeal. TEX.R.APP. P. 4.1(a). We agree with appellants. Applying rule 4.1(a), the six-month period under rule 26.1(c) began to run on February 23. Appellants' notice of restricted appeal, filed on August 23, is therefore timely.

### Participation in Proceedings That Resulted in Order

Appellees next argue that appellants participated, through their attorney, in obtaining the dismissal order, which was agreed to by appellants' attorney. Appellants contend that neither they nor their attorney actually attended the hearing that resulted in the dismissal order, and therefore they satisfy the non-participation requirement of rule 30.

■■■ A restricted appeal is available for the limited purpose of providing a party that did not participate at trial the opportunity to correct an erroneous judgment. *Franklin*, 53 S.W.3d at 741. It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Id.* In determining whether the nonparticipation requirement of rule 30 is met, the question is whether appellants participated in the "decision-making event" that resulted in the order adjudicating appellants' rights. *Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex.1996) (citing *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996)). Participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by restricted appeal. *See Lewis v. Beaver*, 588 S.W.2d 685, 687 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.).

■■■ In this case, appellants' attorney and appellees' attorney signed and filed a "joint motion to sever and to dismiss with prejudice." The order entered by the trial court granting the joint motion is "agreed" to by appellants' attorney. The trial court then entered a second order dismissing appellants' claims against appellees, which was also "agreed" to by appellants' attorney. Under these facts, we conclude that appellants participated, through their attorney, in the decision-making events that resulted in the dismissal order. *See Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App.-Dallas 1983, no writ) (concluding that where plaintiff took part in all necessary steps of summary judgment proceedings affecting his rights, but did not appear at actual hearing on the motion, plaintiff's involvement in the summary judgment proceedings constituted participation for purposes of writ of error appeal); *Thacker v. Thacker*, 496 S.W.2d 201, 204 (Tex.Civ.App.-Amarillo 1973, writ dism'd) (concluding that party and his counsel participated in proceedings for purposes of writ of error appeal where they took part in all prerequisite preparatory steps for summary judgment hearing, even though they did not attend actual hearing). Although there appears to have been a hearing attended by counsel for the various defendants, appellants' nonparticipation at this hearing does not negate the fact that they participated in the decision-making events that resulted in the dismissal order. Like the summary judgment cases in *Norman* and *Thacker*, neither appellants' nor their attorney's attendance at the hearing was necessary once the joint motion was filed. *Norman*, 665 S.W.2d at 139; *Thacker*, 496 S.W.2d at 204.

■■■ Appellants also argue that the "misconduct" of their now former attorney effectively prevented them from participat-

ing in the decision-making events that resulted in the dismissal order. In support of this argument, appellants point only to the orders entered by the trial court and "agreed" to by their attorney. Appellants do not indicate how these establish any misconduct on the part of their attorney. While appellants state in their notice of appeal that their attorney's agreement to the dismissal order was without their knowledge or consent, they make no mention of this in their response to appellees' motion to dismiss. Additionally, no evidence appears in the record challenging their attorney's actions as their attorney of record, and appellants can not now deny his authority to obtain review of the agreed order by restricted appeal. *See Lewis*, 588 S.W.2d at 687 (holding appellants could not deny, through post-trial affidavits, attorney's authority to act on their behalf in entering into agreed judgment and thereby obtain review by writ of error appeal where no evidence appeared of record to support their claim). Here, the record shows that appellants, through their attorney, participated in the decision-making events that led to the dismissal order.

### RULE 45   DAMAGES

Appellees contend appellants filed a frivolous appeal and seek damages under rule 45. TEX.R.APP. P. 45. They argue that appellants agreed to the dismissal of their claims against them and that this appeal, which does not meet the jurisdictional requirements for a restricted appeal, violates that agreement.

 Rule 45 provides that just damages may be awarded to each prevailing party if this court determines that an appeal is frivolous. TEX.R.APP. P. 45. Whether to grant rule 45 damages is a matter of discretion. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex.

App.-Houston [14th Dist.] 2000, no pet.) We have reviewed appellees' motion and the record in this case and exercise our discretion to not award appellees damages under rule 45.

### CONCLUSION

We deny appellees' motion for rule 45 damages. Further, because the record shows that appellants, through their attorney, participated in the decision-making events that led to the dismissal order, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 30; *Franklin*, 53 S.W.3d at 741.