NO.
12-06-00380-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 294TH 

 

IN THE INTEREST OF
M.E.C.,     §          JUDICIAL DISTRICT COURT OF

A CHILD

§          VAN
ZANDT COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Appellant
filed a notice of restricted appeal from a child support order signed on June
23, 2006.  To be entitled to a restricted
appeal, an appellant must first show that he (1) filed his notice of restricted
appeal within six months after the trial court signed the judgment or order
complained of; (2) was a party to the suit; (3) did not participate in the
hearing that resulted in the judgment; (4) did not timely file any postjudgment
motion or request for findings of fact and conclusions of law; and (4) did not
file a notice of appeal within the time permitted by rule 26.1(a).  See Tex.
R. App. P. 26.1(c), 30; Clopton v. Pak, 66 S.W.3d 513, 515
(Tex. App.–Fort Worth 2001, pet. denied). 
These requirements are jurisdictional and will cut off a party’s right
to seek relief by way of a restricted appeal if they are not met.  Clopton, 66 S.W.3d at 515.  The notice of appeal must include  statements confirming that these requirements
have been met.  See Tex. R. App. P. 25.1(d)(7).

            On November
22, 2006, this court notified Appellant that his notice of restricted appeal
fails to conform to the requirements of Texas Rule of Appellate Procedure
25.1(d)(7).  Appellant was further
informed that his appeal would be dismissed unless the clerk’s record was
amended on or before December 4, 2006 to show the jurisdiction of this
court.  On December 1, 2006, Appellant
filed an amended notice of appeal in which he stated that he did not
participate in person or through counsel in the hearing that resulted in the
order he complains of, did not request findings of fact, and did not timely
file a notice of appeal.  He stated,
however, that he timely filed postjudgment motions, but urges that “this should
not affect Appellant’s right to a restricted appeal since those motions will
not be used to establish the error for appellate relief, since the error can be
established solely by the trial court record without the postjudgment motions
taken into consideration.”  The record
reflects that Appellant filed a timely motion for new trial.

            Appellant’s
timely filing of a motion for new trial disqualifies him from proceeding with a
restricted appeal.  Tex. R. App. P. 30; Birdsell v.
Rogillio, No. 01-05-01164-CV, 2006 WL 1913398, at *1 (Tex. App.–Houston
[1st Dist.] July 13, 2006, no pet.) (mem. op.) (per curiam).  Accordingly, the appeal is dismissed
for want of jurisdiction.

Opinion delivered December
20, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)