

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00422-CV

A.J. MORRIS, M.D.                                                    APPELLANT

V.

DE LAGE LANDEN FINANCIAL                                            APPELLEE
SERVICES, INC.

------------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant A.J. Morris, M.D. appeals from the trial court's summary judgment for Appellee De Lage Landen Financial Services, Inc. In two issues, Appellant argues that the trial court erred because no record was made of the hearing on Appellee's motion to release its sequestration bond and to recover against Appellant's replevy bond and because the court awarded the bonds to

---

[1]*See* Tex. R. App. P. 47.4.

Appellee. Because we hold Appellant has failed to preserve his complaints and to adequately brief them on appeal, we affirm the trial court's judgment.

Appellee sued Appellant and two others for breach of an equipment lease.[2] Appellee filed a motion for a writ of sequestration, and the trial court required Appellee to post a bond for $300,000 before issuing the writ. Appellee posted the bond. The trial court also ordered that Appellant, in order to replevy the sequestered equipment, post a bond in the amount of $125,000, payable to Appellee.

After Appellee obtained a judgment against Appellant and the other defendants, Appellee filed a motion to release the sequestration bond and to recover against the replevy bond. In the meantime, Appellant and the other defendants filed an appeal from the trial court's judgment. This court affirmed the trial court's judgment in substantial part and remanded the case to the trial court for proceedings relating to two categories of damages claimed by Appellee.[3]

On remand, Appellee nonsuited one of the remanded damages claims and filed a motion for summary judgment on the other, which the trial court granted. The trial court set Appellee's still-pending motion for release of the bonds for a

---

[2]The remaining defendants are not a part of this appeal. *See Morris v. De Lage Landen Financial Servs., Inc.*, No. 02-09-00422-CV, 2010 WL 2813399 (Tex. App.—Fort Worth July 15, 2010, no pet.) (mem. op.) (dismissing the appeals of Rio Grande Valley Imaging, Inc. and A.J. Morris, M.D., P.A. for failure to file a brief).

[3]*See A.J. Morris, M.D., P.A. v. De Lage Landen Financial Servs., Inc.*, No. 02-06-00430-CV, 2009 WL 161065 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op.).

hearing. No record was made of the hearing. After the hearing, the trial court entered an order dissolving the sequestration bond and releasing the proceeds to Appellee. The court entered a final judgment releasing the sequestration bond and ordering that Appellee recover judgment on the replevy bond because Appellant had failed to return the equipment to Appellee in accordance with the court's previous judgment. Appellant filed a motion for new trial, which the trial court denied.

In his first issue, Appellant argues that the trial court erred by holding an informal hearing in chambers. He also complains that no record of the proceeding was made. Appellant states that the trial court had set the matter for a formal hearing but then held the hearing in chambers. Appellant argues that the trial court did not have all of the pertinent information necessary to make an informed decision based on all of the facts of the case. He contends that if the trial court had held a formal hearing and a record had been made, "the information contained in the [appendix to Appellant's appellate brief] could have been presented and brought to the attention of the [c]ourt, which may have been entered as evidence, which would or could have demonstrated to the court that Appellant had acted in good faith with Appellee."

In his second issue, Appellant argues that the trial court erred by awarding the replevy bond to Appellee to satisfy Appellee's damages because Appellee had destroyed the leased equipment (and some of Appellant's equipment) in a previous attempt to take repossession of the leased equipment. He contends

that because no record of the hearing was made, he "cannot appeal with further specificity."

Although Appellant states that the trial court "failed or refused to cause a record to be made of the proceeding," nothing in the record shows that Appellant made any objection to the informal proceedings or the lack of record,[4] and Appellant does not state in his brief that he made any objection in the trial court about the form of proceedings.[5] Nothing in the record shows that Appellant attempted to submit to the trial court the evidence that he now relies on or that that trial court refused to consider it.[6] Appellant makes no argument supported by relevant authority about why the evidence he would have submitted to the trial court, if allowed, would have defeated Appellee's right to release of the bonds.[7]

---

[4]*See* Tex. R. App. P. 33.1 (requiring that complaints on appeal be preserved in the trial court).

[5]*See* Tex. R. App. P. 13.1 (requiring a court reporter to attend court sessions and make a full record unless excused by agreement of the parties); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (stating that when no record is made, it "implies an agreement that no record was made because none was needed"); *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.) (holding that a court reporter's failure to make a full record of all proceedings, unless agreed to by the parties, constitutes error, but that a party who does not object to such failure does not preserve the error for appeal).

[6]*See Holten*, 168 S.W.3d at 782 (stating that on appeal, a report of trial proceedings is required "only if evidence is introduced in open court; for nonevidentiary hearings, it is superfluous").

[7]*See* Tex. R. App. P. 38.1(i); *cf. In re M.S.*, 115 S.W.3d 534, 545–46 (Tex. 2003) (noting, in ineffective assistance of counsel claim, that the defendant did not contend that she had objected to the court reporter's absence and that, on

4

Although Appellant argues that "[t]he trial court erred in releasing both the supersedeas bond and the replevy bond to Appellee," he makes no argument supported by authority about why the trial court's order releasing the bonds was error.[8] Although Appellant cites to some cases in his brief, they are all in support of statements regarding when a trial court renders judgment. Appellant does not cite to cases in support of his legal arguments on appeal, and he does not explain if or how any of the cited cases support his arguments. Accordingly, Appellant has failed to adequately brief his issues and to preserve his complaints.[9]

Appellant also asserts that Appellee's destruction of the equipment was a wrongful taking and that the sequestration bond should have been released to Appellant. As with his other arguments, Appellant cites to no authority in support of this assertion, he does not assert that he made this argument in the trial court, and nothing in the record shows that this argument was made to the trial court.[10] Accordingly, this argument was neither adequately briefed nor preserved for appeal.

---

appeal, she failed to indicate what errors would have been recorded if a record had been made, and holding accordingly that she failed to show that she was harmed by the lack of a complete record).

[8]*See* Tex. R. App. P. 38.1(i).

[9]*See* Tex. R. App. P. 33.1, 38.1(i).

[10]*See* Tex. R. App. P. 33.1, 38.1(i).

We are mindful of the difficulty that pro se litigants face, but we may not make Appellant's arguments for him, and he must follow the same rules of procedure as attorneys do.[11] We therefore overrule Appellant's issues.

Appellee argues that Appellant's appeal is frivolous, and it requests this court to sanction Appellant under rule 45 of the rules of appellate procedure.[12] This court may award damages to a prevailing party if it determines that an appeal is frivolous.[13] Whether to do so is within this court's discretion, but sanctions should be imposed only in egregious circumstances.[14] We do not believe that this case warrants the award of sanctions, and we therefore overrule Appellee's request for sanctions.

Having overruled Appellant's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: November 18, 2010

---

[11]*See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005).

[12]*See* Tex. R. App. P. 45.

[13]*Id.*; *Clopton v. Pak*, 66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied).

[14]*Clopton*, 66 S.W.3d at 517; *see also Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.).