02-09-422-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 02-09-00422-CV

 

 


 
 
 A.J. MORRIS, M.D.
 
 
                                            APPELLANT
 
 


 

V.

 


 
 
 DE LAGE LANDEN FINANCIAL SERVICES, INC.
 
 
                                              
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 67TH
DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant A.J. Morris, M.D. appeals
from the trial court’s summary judgment for Appellee De Lage
Landen Financial Services, Inc.  In two issues, Appellant argues that the
trial court erred because no record was made of the hearing on Appellee’s motion to release its sequestration bond and to
recover against Appellant’s replevy bond and because
the court awarded the bonds to Appellee. 
Because we hold Appellant has failed to preserve his complaints and to
adequately brief them on appeal, we affirm the trial court’s judgment.

Appellee
sued Appellant and two others for breach of an equipment lease.[2]  Appellee filed a motion for a writ of
sequestration, and the trial court required Appellee to post a bond for
$300,000 before issuing the writ. 
Appellee posted the bond.  The
trial court also ordered that Appellant, in order to replevy
the sequestered equipment, post a bond in the amount of $125,000, payable to
Appellee.

After
Appellee obtained a judgment against Appellant and the other defendants, Appellee
filed a motion to release the sequestration bond and to recover against the replevy bond.  In the
meantime, Appellant and the other defendants filed an appeal from the trial
court’s judgment.  This court affirmed
the trial court’s judgment in substantial part and remanded the case to the
trial court for proceedings relating to two categories of damages claimed by
Appellee.[3] 

On
remand, Appellee nonsuited one of the remanded damages
claims and filed a motion for summary judgment on the other, which the trial
court granted.  The trial court set Appellee’s still-pending motion for release of the bonds for
a hearing.  No record was made of the
hearing.  After the hearing, the trial
court entered an order dissolving the sequestration bond and releasing the
proceeds to Appellee.  The court entered
a final judgment releasing the sequestration bond and ordering that Appellee
recover judgment on the replevy bond because
Appellant had failed to return the equipment to Appellee in accordance with the
court’s previous judgment.  Appellant
filed a motion for new trial, which the trial court denied.

In
his first issue, Appellant argues that the trial court erred by holding an
informal hearing in chambers.  He also
complains that no record of the proceeding was made.  Appellant states that the trial court had set
the matter for a formal hearing but then held the hearing in chambers.  Appellant argues that the trial court did not
have all of the pertinent information necessary to make an informed decision
based on all of the facts of the case.  He
contends that if the trial court had held a formal hearing and a record had
been made, “the information contained in the [appendix to Appellant’s appellate
brief] could have been presented and brought to the attention of the [c]ourt, which may have been entered as evidence, which would
or could have demonstrated to the court that Appellant had acted in good faith
with Appellee.”

In
his second issue, Appellant argues that the trial court erred by awarding the replevy bond to Appellee to satisfy Appellee’s
damages because Appellee had destroyed the leased equipment (and some of
Appellant’s equipment) in a previous attempt to take repossession of the leased
equipment.  He contends that because no
record of the hearing was made, he “cannot appeal with further specificity.”

Although
Appellant states that the trial court “failed or refused to cause a record to
be made of the proceeding,” nothing in the record shows that Appellant made any
objection to the informal proceedings or the lack of record,[4] and
Appellant does not state in his brief that he made any objection in the trial
court about the form of proceedings.[5]  Nothing in the record shows that Appellant attempted
to submit to the trial court the evidence that he now relies on or that that
trial court refused to consider it.[6]  Appellant makes no argument supported by
relevant authority about why the evidence he would have submitted to the trial
court, if allowed, would have defeated Appellee’s
right to release of the bonds.[7]  Although Appellant argues that “[t]he trial
court erred in releasing both the supersedeas bond
and the replevy bond to Appellee,” he makes no
argument supported by authority about why the trial court’s order releasing the
bonds was error.[8]  Although Appellant cites to some cases in his
brief, they are all in support of statements regarding when a trial court renders
judgment.  Appellant does not cite to
cases in support of his legal arguments on appeal, and he does not explain if
or how any of the cited cases support his arguments.  Accordingly, Appellant has failed to
adequately brief his issues and to preserve his complaints.[9]

Appellant
also asserts that Appellee’s destruction of the
equipment was a wrongful taking and that the sequestration bond should have
been released to Appellant.  As with his
other arguments, Appellant cites to no authority in support of this assertion,
he does not assert that he made this argument in the trial court, and nothing
in the record shows that this argument was made to the trial court.[10]  Accordingly, this argument was neither
adequately briefed nor preserved for appeal.

We
are mindful of the difficulty that pro se litigants face, but we may not make
Appellant’s arguments for him, and he must follow the same rules of procedure
as attorneys do.[11]  We therefore overrule Appellant’s issues.

Appellee
argues that Appellant’s appeal is frivolous, and it requests this court to
sanction Appellant under rule 45 of the rules of appellate procedure.[12]  This court may award damages to a prevailing
party if it determines that an appeal is frivolous.[13]  Whether to do so is within this court’s
discretion, but sanctions should be imposed only in egregious circumstances.[14]  We do not believe that this case warrants the
award of sanctions, and we therefore overrule Appellee’s
request for sanctions.

Having
overruled Appellant’s issues, we affirm the trial court’s judgment. 

 

 

                                                                             
 
 
 
 
 
 
 
 
 LEE ANN DAUPHINOT

                                                                             
 
 
 JUSTICE

 

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED: 
November
 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]The
remaining defendants are not a part of this appeal.  See Morris
v. De Lage Landen Financial
Servs.,
Inc., No. 02-09-00422-CV, 2010 WL 2813399 (Tex. App.—Fort Worth July 15,
2010, no pet.) (mem. op.) (dismissing the appeals of Rio Grande Valley Imaging, Inc. and A.J.
Morris, M.D., P.A. for failure to file a brief).





[3]See A.J. Morris, M.D., P.A. v. De Lage Landen Financial Servs., Inc., No. 02-06-00430-CV, 2009 WL 161065 (Tex.
App.—Fort Worth Jan. 22, 2009,
no pet.) (mem. op.).





[4]See Tex. R. App. P. 33.1 (requiring that
complaints on appeal be preserved in the trial court).





[5]See Tex. R. App. P. 13.1 (requiring a
court reporter to attend court sessions and make a full record unless excused
by agreement of the parties); Michiana Easy Livin’ Country, Inc. v. Holten,
168 S.W.3d 777, 783 (Tex. 2005) (stating that when no
record is made, it “implies an agreement that no record was made because none
was needed”); Reyes v. Credit Based Asset
Servicing & Securitization, 190 S.W.3d 736, 740 (Tex. App.—San Antonio
2005, no pet.) (holding that a court reporter’s
failure to make a full record of all proceedings, unless agreed to by the
parties, constitutes error, but that a party who does not object to such
failure does not preserve the error for appeal).





[6]See Holten,
168 S.W.3d at 782 (stating that on appeal, a report of
trial proceedings is required “only if evidence is introduced in open court;
for nonevidentiary hearings, it is superfluous”).





[7]See Tex. R. App. P. 38.1(i); cf. In
re M.S., 115 S.W.3d 534, 545–46
(Tex. 2003) (noting, in ineffective assistance of counsel claim, that the
defendant did not contend that she had objected to the court reporter’s absence
and that, on appeal, she failed to indicate what errors would have been
recorded if a record had been made, and holding accordingly that she failed to
show that she was harmed by the lack of a complete record).





[8]See Tex. R. App. P. 38.1(i).





[9]See Tex. R. App. P. 33.1, 38.1(i).





[10]See Tex. R. App. P. 33.1, 38.1(i).





[11]See Wheeler v. Green, 157 S.W.3d 439,
444 (Tex. 2005); Strange v. Cont’l Cas.
Co., 126 S.W.3d 676, 677 (Tex. App.—Dallas
2004, pet. denied), cert. denied, 543
U.S. 1076 (2005).





[12]See Tex. R. App. P. 45.





[13]Id.; Clopton v. Pak, 66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied).





[14]Clopton, 66 S.W.3d at 517; see
also Durham v. Zarcades,
270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.).