**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-12-00211-CV

John E. **RODARTE** Sr.,
Appellant

v.

**BEXAR COUNTY**, Texas; Ralph Lopez, Sheriff; Bexar County Adult Detention Center,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-18884
Honorable Fred Shannon, Judge Presiding

### OPINION ON APPELLANT'S MOTION FOR REHEARING

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 8, 2013

DISMISSED FOR LACK OF JURISDICTION; MOTION FOR REHEARING DENIED

On March 13, 2013, we issued an opinion and order dismissing this appeal for lack of jurisdiction. Appellant John E. Rodarte Sr. has filed a motion for rehearing.  We deny his motion, but withdraw our March 13, 2013, opinion and issue this opinion in its place.  Our March 13, 2013 order remains unchanged.

John E. Rodarte Sr. filed the underlying suit in 2005.  In December 2007, the defendants filed a plea to the jurisdiction, which the Honorable Karen Pozza heard in January 2008.  On

January 10, 2008, the trial court signed an order granting the plea to the jurisdiction and ordering that "each and every of Plaintiff's claims and causes of action against Defendants are dismissed." The January 10, 2008 order disposed of all pending claims and parties. For reasons not apparent in the record, on February 13, 2008, the trial court signed an order withdrawing the January 10 order and denying the plea to the jurisdiction.

Proceedings in the case continued for several years and it was set for a December 5, 2011 trial. On that day, before the case was called for trial, the Honorable Fred Shannon signed an order dismissing the case with prejudice. The order recited Judge Shannon had reviewed the case file and concluded: (1) the January 10, 2008 order finally disposed of the case and subsequent proceedings were void; (2) the defendants' plea to the jurisdiction should have been and thereby was granted; and (3) the defendants' no evidence motion for summary judgment, previously denied by the court, should have been and thereby was granted. On December 13, 2011, Rodarte filed a motion to reinstate the case, and on April 9, 2012, Rodarte filed a notice of restricted appeal.

A judgment that disposes of all parties and issues in a case is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). If a timely motion for new trial or motion to modify, correct, or reform the judgment is filed, the trial court's plenary power is extended until thirty days after all such timely-filed motions are overruled. TEX. R. CIV. P. 329b(e), (g). An order signed after the court loses plenary power is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008); *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied).

A notice of appeal is due thirty days after the judgment is signed if no motion extending the trial court's plenary power was filed, and is due ninety days after judgment if such a motion was filed. TEX. R. APP. P. 26.1 (a). In a restricted appeal, the notice of appeal must be filed within six months after the judgment is signed. TEX. R. APP. P. 26.1(c). A notice of restricted appeal must be verified and state: (1) that appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment; and (2) that appellant did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal. TEX. R. APP. P. 25.1(d)(7).

The trial court's January 10, 2008 order granting the defendants' plea to the jurisdiction was final and appealable. The trial court retained plenary power over that order until February 11, 2008, unless a timely motion extending plenary power was filed. *See* TEX. R. CIV. P. 329b(d)-(f). The record does not contain a motion to reinstate, motion for new trial, or motion to modify, correct, or reform the judgment filed on or before February 11, 2008. It therefore appears the trial court lost plenary power over the January 10, 2008 judgment and that all subsequent proceedings, including the February 13, 2008 order, were void. *See* TEX. R. CIV. P. 329b; *Brookshire*, 250 S.W.3d at 72; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *J.P.L.*, 359 S.W.3d at 705. This court would have no jurisdiction over an appeal from the January 10, 2008 judgment because no timely notice of appeal was filed.

Rodarte contends the trial court's plenary power over the January 10, 2008, judgment was extended by a timely filed motion to reinstate. Rodarte attached to his unsworn motion for rehearing a copy of a "Motion to Re-Instate Suit" dated January 27, 2008, but which does not contain a certificate of service or bear a file-stamp. The motion is not contained in the appellate record. Rodarte additionally attached a copy of a certified mail return receipt that reflects

unspecified mail addressed to Bexar County District Court Staff Attorney Dinah Gaines was received January 30, 2008. Finally, Rodarte points to an entry on the district clerk's docket sheet that states a motion to reinstate from Rodarte, addressed to Dinah Gaines, was filed February 22, 2008. Rodarte asserts the return receipt shows receipt of his timely-filed motion to reinstate and contends the motion was not file-stamped by the district clerk's office until February 22, 2008, because of mishandling of his filing by the Staff Attorney or the District Clerk's office. If the motion was timely filed, the trial court retained plenary power to reinstate the case on February 13, 2008, and the subsequent proceedings were not void.

Assuming, without deciding, that Rodarte timely filed a motion to reinstate in January 2008, we nevertheless must dismiss this appeal because he did not timely appeal the December 5, 2011 judgment. Rodarte timely filed a motion to reinstate the case on December 13, 2011, within thirty days of Judge Shannon's December 5, 2011 order of dismissal. Rodarte's notice of appeal was therefore due March 5, 2012, ninety days after the judgment or a motion for extension of time was due within fifteen days thereafter. *See* TEX. R. APP. P. 26.1(a), 26.3. The record does not contain a timely notice of appeal. Instead, the record contains an unverified notice of restricted appeal filed April 9, 2012.[1] The notice states in part that because "appellant was not present in the Courtroom when Judge Fred Shannon dismissed the cause on December 5, 2011, appellant moves for his right to Restricted Appeal, and be allotted the six months that the statute allows him." The notice does not state that Rodarte did not file a timely post-judgment motion. *See* TEX. R. APP. P. 26.1(d)(7)(B). Rather, Rodarte asserted he filed a motion to reinstate and complained the trial court had not ruled on the motion.

---

[1] The pleading, entitled "Motions for Certification of Right to Appeal, Fact and Conclusion of Law, Restricted Appeal to Court of Appeals in Civil Cases, Appellate Complaint With Formal Bill of Exception," is dated April 3, 2012, post-marked April 5, 2012, and was received in this court April 9, 2012. The pleading is not verified, nor does it contain an unsworn declaration. *See* TEX. R. APP. P. 25.1(d)(70(C) (requiring appellant not represented by counsel to verify notice of restricted appeal); TEX. CIV. PRAC. & REMEDIES CODE ANN. §132.001 (West Supp. 2012)(authorizing specific form of unsworn declaration for use by inmate in lieu of verification).

One of the prerequisites to filing a restricted appeal is that the aggrieved party did not timely file a post-judgment motion. TEX. R. APP. P. 25.1(d)(7), 30. The requirements for filing a restricted appeal are jurisdictional. *See In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). Failure to meet any of them "will cut off a party's right to seek relief by way of restricted appeal." *Id.* When a party files a timely post-judgment motion, we lack jurisdiction over a restricted appeal. *P & A Real Estate, Inc. v. American Bank of Texas*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.).

Rodarte asserts in his motion for rehearing that on January 10, 2012, he mailed to the trial court a motion requesting the appellate record, and argues we should consider that filing to be a notice of appeal. Rodarte attached a one-page document entitled "Motion for Appellate Record, Clerk's Record, Trial Transcripts" to his unsworn motion for rehearing. The motion is not dated, contains no certificate of service, bears no file stamp, and does not contain an affidavit or unsworn declaration of inability to pay costs. The district clerk's docket sheet does not reflect such a motion was ever filed. Moreover, the document does not assert a right or intent to appeal, and Rodarte's subsequent notice of restricted appeal belies the contention that Rodarte intended the request for a copy of the record to be a notice of appeal. Accordingly, we are unable to conclude either that the document was filed or that, if filed, it was a bona fide attempt to invoke the jurisdiction of this appellate court.

Because Rodarte did not file a timely notice of appeal and was not entitled to file a notice of restricted appeal, we dismiss this appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice