

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00117-CV

IN THE INTEREST OF A CHILD

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 325-544582-13

----------

## MEMORANDUM OPINION[1]

----------

This is an attempted restricted appeal from the trial court's October 9, 2013 final judgment terminating the parental rights of J.R. (Father) and B.D. (Mother) to their child. Father and Mother signed voluntary affidavits of relinquishment on September 17, 2013, and attempted to revoke them almost five months after the trial court signed the final judgment. Father and Mother were not represented by counsel before postjudgment proceedings. On April 8 and 9, 2014, Father and

----

[1]*See* Tex. R. App. P. 47.4.

Mother, now represented by counsel, respectively filed a notice of restricted appeal claiming nonparticipation in the termination proceedings. But the signatures of Father and Mother also appear on the final judgment, indicating their approval of it as to form and substance and their agreement with it.

We notified Mother and Father of our concern that we may not have jurisdiction over this appeal because rule 30 of the Texas Rules of Appellate Procedure requires that "[a] party . . . did not participate . . . in the hearing that resulted in the judgment complained of."[2] We noted that their signatures on the agreed final judgment appear to be evidence of participation.[3] We stated that unless Mother, Father, or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, this appeal would be subject to dismissal for want of jurisdiction.[4]

---

[2]Tex. R. App. P. 30.

[3]*See Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied); *see also McNeely v. McNeely*, No. 11-02-00036-CV, 2003 WL 187573, at *1 (Tex. App.—Eastland Jan. 16, 2003, pet. denied) (holding husband participated in the hearing because he approved (via an agent) the final decree before the trial court signed it). *But cf. Brooks v. Bank of N.Y. Trust Co.*, No. 02-07-00189-CV, 2008 WL 2639240, at *1–*3 (Tex. App.—Fort Worth July 3, 2008, no pet.) (mem. op.) (holding wife did not participate at trial, even though she filed a "Written Statement" with the county court indicating that she was appealing the justice of the peace court's decision, when she lacked counsel, did not appear at trial, and did not sign the agreed judgment, and there was no evidence that she had given husband the authority to sign the agreement for her).

[4]*See* Tex. R. App. P. 42.3(a), 44.3.

2

We have received no response.  Accordingly, we dismiss this appeal for want of jurisdiction.[5]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  July 3, 2014

---

[5]*See* Tex. R. App. P. 43.2(f).