# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00263-CV

**Stacey Hammer, Appellant**

**v.**

**University Federal Credit Union; Wayne Morgan a/k/a El Campo Real Estate, LP a/k/a The Morgan Children, Inc. a/k/a Preferred Properties; Venessa Zapata Peters; and Kerry L. Haliburton, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-15-002232, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stacy Hammer seeks to appeal a summary judgment signed by the trial court on June 11, 2015, dismissing her claims against appellee El Campo Real Estate, L.P. Because we conclude that Hammer's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

In a civil case, the appeal of a final judgment is generally perfected when a notice of appeal is filed within 30 days after the judgment is signed. *See* Tex. R. App. P. 26.1. However, when a motion for new trial or other post-judgment motion specified in Rule 26.1(a) is timely filed, a notice of appeal must be filed within 90 days after the judgment is signed. *See* Tex. R. App. P. 26.1(a).

The record in this case reveals that the trial court, upon granting summary judgment, severed the judgment from Hammer's remaining claims against the remaining defendants and assigned the judgment in favor of El Campo to a new cause number (D-1-GN-15-002232). As a result, the trial court's grant of summary judgment became immediately final and appealable. Because Hammer did not file a motion for new trial or any other post-judgment motion in the severed cause, her notice of appeal of the summary judgment was due on or before July 11, 2015.

Hammer did not file her notice of appeal until April 20, 2016. Because Hammer's notice of appeal was not timely filed, this Court does not have jurisdiction over the appeal.[1] *See* Tex. R. App. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction). We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   September 2, 2016

_____

[1] In her notice of appeal, Hammer asserts that her appeal of the June 11, 2015 summary judgment is a restricted appeal. A restricted appeal is available for the limited purpose of providing a non-participating party an opportunity to correct an erroneous judgment. *Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied). In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. Tex. R. App. P. 26.1(c). Assuming Hammer could otherwise satisfy the requirements for bringing a restricted appeal, her notice of appeal was filed more than six months after the summary judgment became final, and as a result, any attempted restricted appeal would also be untimely.

2