# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00852-CV

**Jose Martin Carbajal, Appellant**

**v.**

**Irma Albiter-Carbajal, Appellee**

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 19-D-372, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a default judgment granting a final divorce decree between appellant Jose Martin Carbajal (Carbajal) and appellee Irma Albiter-Carbajal (Albiter). Carbajal presents five issues on appeal. In his first and second issues, Carbajal asserts that the trial court erred by holding a hearing on temporary orders when he had not been served with the application for temporary orders at least three days before the hearing, *see* Tex. R. Civ. P. 21(b), and that he was harmed as a result. In his third and fourth issues, Carbajal asserts that Albiter was required to serve him with the signed temporary orders, *see* Tex. R. Civ. P. 688, and that her failure to do so caused him harm. In his fifth issue, Carbajal argues that the final divorce decree should be reversed and a new trial ordered because he meets the requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) (establishing elements of proof required for trial court to grant motion for new trial following default judgment). We will affirm the trial court's final decree of divorce.

## BACKGROUND

Albiter filed an original petition for divorce in Caldwell County district court on July 20, 2019. Albiter sought dissolution of the marriage and, in the event the parties could not reach an agreement regarding the division of community property, a disproportionate award of community property, including two pieces of real property. Albiter also requested that the court make temporary orders about the use of the marital residence and Carbajal's contact with her.

The officer's return in the clerk's record states that he served Carbajal with the original petition and a notice of a hearing on Albiter's request for temporary orders by delivering them in person to Carbajal on August 27, 2019. On August 29, the court held a hearing on Albiter's request for temporary orders. Carbajal did not appear at the hearing. After the hearing, the court entered temporary orders granting Albiter exclusive use of the marital home, an automobile, and one of two duplexes owned by the parties, and granting Carbajal exclusive use of the other of the two duplexes owned by the parties, all property used by Carbajal in conducting his landscaping business, and all bank accounts related to the landscaping business. The court ordered that the temporary orders would "continue in force until the signing of the Final Decree of Divorce" or until further order of the court.

Carbajal never appeared or answered the original petition for divorce. After a hearing at which Carbajal did not appear, the court granted Albiter a default decree of divorce and signed a default final decree of divorce awarding her four pieces of real property—the marital residence, the two duplexes, and a piece of real property located in Mexico—her personal effects and household furnishings, all cash in her possession or subject to her sole control along with two checking accounts and two savings accounts with a combined balance of approximately $1,250, any life insurance policies insuring her life, a motor vehicle, and a utility trailer. The

2

decree awarded Carbajal his personal effects and household furnishings, all cash in his possession or subject to his sole control along with one checking account and two savings accounts with a combined balance of approximately $4,500, any life insurance policies insuring his life, five motor vehicles, a utility trailer, and the landscaping business. The final divorce decree was signed on October 8, 2019.

The deadline for Carbajal to file a notice of appeal was November 7, 2019. He did not file a notice of appeal until November 21. On November 25, Carbajal filed an unsworn motion to extend the deadline for filing his notice of appeal stating that the extension was needed because he did not know that the default divorce decree had been rendered until November 13, at which time he immediately sought the advice of counsel who filed a notice of appeal on November 21. *See* Tex. R. App. P. 26.3 (appellate court may extend time to file notice of appeal if, within 15 days after deadline for filing notice of appeal party filed notice of appeal and motion complying with Texas Rule of Appellate Procedure 10.5(b)), *see also id.* R. 10.5(b) (motion to extend time for filing notice of appeal must state facts relied on to reasonably explain need for extension).

While the motion for extension of time was pending, Albiter filed a motion objecting to Carbajal's motion for extension of time to file his notice of appeal and requesting that this Court dismiss his untimely filed appeal. Albiter attached an affidavit to the motion in which she averred that on October 15, 2019, she received at the marital residence two letters from the district court clerk containing notices of the final divorce decree, one addressed to her and one addressed to Carbajal. Albiter stated in her affidavit that after she opened her notice, she gave Carbajal the letter from the court that was addressed to him and informed him that it contained a notice of the final decree of divorce. Albiter averred that Carbajal threw the letter

3

down and told Albiter that she "had gotten what she wanted." Thus, Albiter argued, because Carbajal had knowledge of the final decree of divorce on October 15, his motion for extension of time failed to reasonably explain the need for an extension of time to file the notice of appeal and should be denied.

In response to Albiter's motion to dismiss and her sworn testimony regarding having given Carbajal the notice of the final decree of divorce on October 15, the Clerk of this Court requested that Carbajal file an amended notice of appeal to bring a restricted appeal, *see In re K.M.Z.*, 178 S.W.3d 432, 434 (Tex. App.—Fort Worth 2005, no pet.) (when appellant failed to provide reasonable explanation for late filing of notice of appeal, court of appeals could consider appeal only as restricted appeal) or, alternatively, take steps in the trial court to establish that he did not receive notice of the final divorce decree until November 13, *see* Tex. R. Civ. P. 306(a)(5), (6). Carbajal responded by filing a notice of restricted appeal, stating that he did not participate in the hearing that resulted in the trial court's judgment and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal. *See* Tex. R. App. P. 30 (restricted appeals).

**DISCUSSION**

To prevail in a restricted appeal, the appellant must demonstrate that (1) the notice of restricted appeal was filed within six months of the date of the final judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See id.*; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements are

4

jurisdictional and cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). Once the appellant establishes that he has met the first three requirements, he must then establish error apparent from the face of the record to be entitled to relief from an adverse judgment. *Id.* The error apparent from the face of the record must be reversible error, that is, error that resulted in an erroneous judgment. *See General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) (appellant in restricted appeal not entitled to relief from adverse judgment when no reversible error was apparent from face of record); *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (in restricted appeal, appellant is afforded same scope of review as ordinary appeal with restriction that error must appear on face of record); *see also* Tex. R. App. P. 44.1 (no judgment may be reversed on appeal unless court of appeals concludes that error complained of probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to court of appeals and thus constituted reversible error).

Carbajal filed the notice of restricted appeal on February 7, 2020, which was within six months of the date of the final divorce decree. Carbajal states, and the reporter's record supports, that he did not participate in the hearing that resulted in the final divorce decree he complains of and that he did not file either a post-judgment motion or request for findings of fact and conclusions of law. Thus, he has met the jurisdictional requirements for seeking relief by way of a restricted appeal. *See Clopton*, 66 S.W.3d at 515; *Tafoya v. Green Tree Servicing LLC*, No. 03-14-00391-CV, 2014 WL 7464321, at *1 (Tex. App.—Austin Dec. 30, 2014, no pet.) (mem. op.). We next consider whether Carbajal has demonstrated reversible error apparent on the face of the record.

In his first two issues, Carbajal complains that the trial court erred by holding a hearing on temporary orders without providing three days' notice as contemplated by Texas Rule of Civil Procedure 21(b). *See* Tex. R. Civ. P. 21(b) (application to court for order and notice of hearing thereon generally must be served on all other parties not less than three days before time specified for hearing). Even assuming the face of the record demonstrates there was error associated with the trial court's entry of temporary orders, such error would not constitute error that resulted in an erroneous judgment. The temporary orders continued in effect only until the trial court rendered its final divorce decree, which occurred after the court considered evidence presented by Albiter during trial. The face of the record does not demonstrate that the allegedly inadequate notice of the hearing on the temporary orders caused the rendition of an improper final decree of divorce or otherwise affected the trial court's judgment. Although Carbajal includes in his brief extensive argument, supported by an attached affidavit, explaining how he claims to have been harmed by not appearing at the temporary orders hearing, none of that information or evidence was before the trial court when it rendered the final divorce decree, and we may not consider it in this restricted appeal. *See Cox v. Cox*, 298 S.W.3d 726, 732 (Tex. App.—Austin 2009, no pet.).[1]

In his third and fourth issues, Carbajal asserts that he was not served with the temporary orders pursuant to rules 688 and 689 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 688, 689. Carbajal argues that the failure to serve him with temporary orders harmed him because had he been served with the orders, he would have known to disbelieve the

---

[1] Nor would we be able to consider such evidence in an ordinary appeal. *See Chandler v. Strong*, No. 03-12-00575-CV, 2014 WL 1203208, at *2 n.3 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (mem. op.) (appellate court must determine case on record as filed and cannot consider exhibits or appendices attached to briefs).

assurances he claims Albiter made to him that he "didn't need to hire an attorney and she would give him half of everything." Carbajal further asserts that had he known about the contents of the temporary orders, he would have retained counsel and filed an answer that would have precluded a default divorce decree. As support for this argument, Carbajal relies on the affidavit he attached to his appellate brief. Here again, nothing on the face of the record demonstrates that error, if any, regarding service of temporary orders on Carbajal resulted in the trial court rendering an improper final divorce decree. As previously stated, we may not consider Carbajal's affidavit in this restricted appeal, nor could we in an ordinary appeal. Carbajal has not demonstrated that any issue related to the court's entry of temporary orders constituted error on the face of the record that resulted in reversible error.

In his fifth issue, Carbajal asserts that he is entitled to a new trial because he can establish the requirements for obtaining a new trial set forth in *Craddock*. *See Craddock*, 133 S.W.2d at 125-26. In a restricted appeal, however, we are confined to determining whether there is error on the face of the record such that the appellant is entitled to relief from an erroneous judgment. *See Alexander*, 134 S.W.3d at 848. The *Craddock* elements have no bearing on whether, in a restricted appeal, the appellant is entitled to relief from an adverse judgment in a restricted appeal. *See Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012). *Craddock* establishes the requirements that a defendant must establish for a trial court to set aside a post-answer default judgment on motion for new trial, not whether an appellant is entitled to relief from an adverse judgment in a restricted appeal. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006) (discussing difference between restricted appeal, brought directly in appellate court where record is limited, and motion for new trial or bill of review, filed in trial court where record can be developed). On appeal, Carbajal

7

attempts to establish that he has met the *Craddock* factors by referring to the affidavit attached to his appellate brief. While developing such evidence may be appropriate to support a motion for new trial or bill of review in the trial court, in this restricted appeal we may only determine whether there is error on the face of the record. *See Alexander*, 134 S.W.3d at 847 (court could not consider affidavit executed after case reached appellate court on restricted appeal because it constituted extrinsic evidence that cannot be considered in restricted appeal).

## CONCLUSION

Because Carbajal has not demonstrated that there was reversible error on the face of the record, he is not entitled to relief from the final divorce decree in this restricted appeal. We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: June 10, 2021