# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-26-00120-CV

**Elizabeth Sheree Ludwig, Appellant**

**v.**

**Adam David Ludwig, Appellee**

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 24-0873-F395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment of May 8, 2026, and substitute today's opinion and judgment in their place.

Elizabeth Sheree Ludwig filed a notice of restricted appeal from the trial court's Agreed Final Decree of Divorce, whose rendition Elizabeth[1] had jointly requested alongside opposing party Adam David Ludwig and which Elizabeth herself had signed, approving the agreed decree as to both form and substance. For this Court to have jurisdiction over her attempted restricted appeal, Elizabeth must not have "participate[d]—either in person or through counsel— in the hearing that resulted in the judgment complained of." *See* Tex. R. App. P. 30; *Att'y Gen.*

---

[1] We refer to the parties by their given names because they share a surname.

*v. Orr*, 989 S.W.2d 464, 466 (Tex. App.—Austin 1999, no pet.). Because she "participated" under Rule 30, we must dismiss this attempted restricted appeal for want of jurisdiction.

By way of quick background, the suit was set for a hearing on the trial court's dismissal docket in June 2025. Elizabeth personally appeared at the dismissal-docket hearing. That same day, the trial court ordered the case retained on the docket and set a final-hearing date for August 2025. In July 2025, Elizabeth and Adam jointly requested that the trial court sign their proposed Agreed Final Decree of Divorce. In August 2025, the trial court signed their proposed agreed decree, rendering the final judgment in the suit.

Parties attempting a restricted appeal have "participated" under Rule 30 in the following circumstances. When a suit was disposed of by agreed order, a party "participated" in the relevant proceedings under Rule 30 when the party's attorney signed a joint motion requesting that the trial court sign the agreed order. *See Clopton v. Chi–Suk Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied); *see also Brooks v. Bank of N.Y. Tr. Co., N.A.*, No. 02-07-00189-CV, 2008 WL 2639240, at *2 (Tex. App.—Fort Worth July 3, 2008, no pet.) (mem. op.) (per curiam) (saying of *Clopton*, "[A]ttendance at a dismissal hearing was unnecessary when the attorneys for the appellants and appellees agreed on, signed, and filed a joint motion to sever and dismiss the case"). And when a party "indicated his approval of the divorce decree by signing the judgment prior to its entry by the trial court," the party "participated" under Rule 30. *See Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. App.—Houston [14th Dist.] 1978, no writ); *see also Seymour v. Seymour*, No. 14-07-00280-CV, 2009 WL 442259, at *3 (Tex. App.—Houston [14th Dist.] Feb. 10, 2009, pet. denied) (mem. op.) ("Although Bedrije did not sign the divorce decree, she signed an agreed motion to reinstate in which she requested that the trial court finalize the 'divorce decree' proven up at the [earlier] hearing. . . . By signing the motion to

2

reinstate, Bedrije indicated her approval of the terms of the divorce decree, similar to the appellant in *Blankinship*, who signed the trial court's judgment prior to its entry by the trial court.").

Here, the record shows that Elizabeth signed the agreed decree, approving it as to both form and substance, and that the parties filed a joint statement requesting that the trial court sign that very decree, which the court did. We thus conclude that, in line with the authorities cited above, Elizabeth "participated" for purposes of Rule 30.

We notified Elizabeth of our jurisdictional concern, and she has responded. Her eight arguments do not persuade us that she did not "participate" under Rule 30.

*First*, she argues that the clerk's record lacks "any standalone, signed waiver of a court record." This argument apparently responds to the recitation in the agreed decree that a reporter's record of the hearing that led to the rendition of the agreed decree was waived. We fail to see how this argument addresses either Elizabeth's request, jointly with Adam, that the court sign the agreed decree or her signing the agreed decree itself, approving it as to form and substance.

*Second*, she argues that she was not given "any formal admonishments regarding the rights and responsibilities of a [p]ro [s]e litigant." But even parties proceeding *pro se* are subject to the Rule 30 "participation" bar. *See Starks v. Texas Dep't of Crim. Just.*, 153 S.W.3d 621, 623, 626 (Tex. App.—Amarillo 2004, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). And Elizabeth has cited no authorities supporting an argument that a *pro se* party who has "participated" under Rule 30 is instead treated

3

as not having participated when the trial court has not admonished the party about proceeding *pro se*.

*Third*, she argues that the index of the clerk's record provided by the district clerk has a clerical error in it because it identifies the parties' joint "Sworn Statement of Evidence for a Divorce with Children" instead as "Sworn Statement of Evidence for a Divorce *Without* Children." (Emphasis added.) This has nothing to do with whether Elizabeth participated under Rule 30.

*Fourth*, she argues that the trial court set the suit for final hearing without her input. This argument as well is beside the Rule 30 "participation" point. The record shows that Elizabeth jointly requested rendition of the agreed decree that the court ultimately signed and that she herself signed the agreed decree. And she did so even after the court set the date for the final hearing. Thus, no matter whether the court asked Elizabeth about which dates she might prefer for the final hearing, even after the court set a date, Elizabeth still requested rendition of, and herself signed, the agreed decree.

*Fifth*, Elizabeth argues that she did not participate in the June 2025 dismissal-docket hearing despite personally appearing at the hearing and asking the court to entertain several motions. We need not decide this issue, however, because the Rule 30 "participation" requirement is tied to "the hearing that resulted in the judgment complained of." When, as here, the judgment complained of is an agreed judgment, a party meets the "participation" requirement when the party has moved for the rendition of the agreed judgment. *See Clopton*, 66 S.W.3d at 516; *accord Seymour*, 2009 WL 442259, at *3.

*Sixth*, Elizabeth argues that because Adam did not comply with discovery obligations, whether under the mandatory-disclosure rules or the trial court's standing order regarding discovery in SAPCRs, she could not have "meaningfully participate[d] when the

4

mandatory material facts of the case remain[ed] suppressed and are absent from the official record." But if she believed that relevant discovery responses were missing, she should not have signed the July 2025 joint request for rendition of the agreed decree and should not have signed the agreed decree itself.

*Seventh*, Elizabeth faults the trial court for not ruling on her motions for temporary orders and for interim attorneys' fees. She characterizes her motions as "multiple requests for judicial intervention." We do not see how affirmative requests for judicial intervention can prove that Elizabeth did not "participate" under Rule 30 in the hearing that resulted in the agreed decree.

*Eighth*, Elizabeth contends that the agreed decree is erroneous because it deviates from the Standard Possession Order. This is not an argument about her participation, or not, under Rule 30. *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (whether error is apparent on face of record is requirement of restricted appeal separate from nonparticipation requirement).

In sum, Elizabeth's arguments do not persuade us. Because she "participated" under Rule 30, we lack jurisdiction and must dismiss this attempted restricted appeal.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: May 22, 2026

5