**Brian PARSONS, Appellant,**

v.

**DALLAS COUNTY, TEXAS and Sheriff Jim Bowles, Appellees.**

**No. 05–04–01824–CV.**

Court of Appeals of Texas, Dallas.

Jan. 6, 2006.

Brian Parsons, Leonard, pro se.

Karen Ann Schroeder–Tabary, Greg Long, Asst. Dist. Atty., for appellees.

Before Chief Justice THOMAS and Justices LANG and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

In this restricted appeal, appellant Brian Parsons challenges the trial court's dismissal of his inmate lawsuit. Appellees Dallas County and Sherriff Jim Bowles filed a motion to dismiss asserting this is not an appropriate case for a restricted appeal because appellant participated in the decision-making event that resulted in the trial court's judgment. For the reasons that follow, we deny appellees' motion to dismiss.

Appellant is an inmate of the Collin County jail. While temporarily being housed at the Dallas County jail, appellant fell when he leaned against a table in the dayroom. Appellant sued Dallas County and then Dallas County Sheriff Jim Bowles alleging, among other things, that they were negligent in allowing the table to remain in disrepair.

In the trial court, appellees filed a motion to dismiss appellant's case as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies. Appellant filed a motion to extend time to respond to appellee's motion to dismiss and a motion to attend the hearing on the motion to dismiss by telephone. The trial court did not rule on appellant's motions. Appellant did not file a response to appellee's motion to dismiss prior to the hearing. On October 18, 2004, after conducting a hearing, which appellant did not attend, the trial court

concluded that appellant's suit was frivolous and granted appellee's motion to dismiss. Appellant filed a notice of restricted appeal on January 31, 2005. Appellees filed a motion to dismiss this appeal asserting this Court does not have jurisdiction.

■ A restricted appeal is allowed only if (1) the notice of appeal is filed within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). In their motion to dismiss, appellees sole complaint is that appellant participated in the hearing that resulted in the judgment.

■ The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings. *Texaco, Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996). The issue is whether the appellant participated in the decision-making event that results in the judgment adjudicating the appellant's rights. *Id.* It is the fact of nonparticipation, not the reason for it, that determines the right to a restricted appeal. *Id.* at 590.

■ Although appellant did not file a response to appellee's motion to dismiss and did not attend the hearing on the motion, appellees argue that appellant participated in the decision-making event that resulted in the judgment based on his

filing of various pleadings and motions prior to the hearing.[1] Appellees rely heavily on *Starks v. Texas Department of Criminal Justice,* 153 S.W.3d 621 (Tex.App.-Amarillo 2004, no pet.). In *Starks,* the trial court dismissed an inmate suit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code prior to service of process on the named defendants and without a fact-finding hearing. *Id.* at 623. The appellate court noted that appellant participated in the events leading to the dismissal of his case by filing various motions and pleadings. *Id.* at 625. However, *Starks* differs from the case before us. In *Starks,* "[t]he trial court did not hold a hearing prior to dismissing appellant's complaint as frivolous; dismissal accordingly was based on the pleadings on file at the time of the dismissal." *Id.* at 626.

In this case, the decision-making event that resulted in the judgment was the hearing on appellees' motion to dismiss. Appellant did not respond to the motion to dismiss and did not participate in the hearing. Because appellant did not participate in the decision-making event that resulted in the judgment, appellant satisfies the non-participation element of a restricted appeal. *See Rivero v. Blue Keel Funding, L.L.C.,* 127 S.W.3d 421, 424 (Tex.App.-Dallas 2004, no pet.) (concluding appellant did not participate in decision-making event where he did not respond to summary judgment motion and did not attend hearing on motion for summary judgment); *Aviation Composite Technologies, Inc. v. CLB Corp.,* 131 S.W.3d 181, 185 (Tex.App.-Fort Worth 2004, no pet.) (concluding that because decision-making event was dismissal hearing and appellants did not re-

---

1. Appellant filed an original petition, an amended petition, Declaration of Inability to Pay Costs, an Affidavit Relating to Previous Filings, Plaintiff's Response to Defendants' Original Answer, Plaintiff's Motion for Hearing by Conference Call, and Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss.

spond to motion to dismiss and did not attend dismissal hearing, appellants did not participate in trial); *McKnight v. Trogdon–McKnight,* 132 S.W.3d 126, 130 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (concluding that while appellant may have participated up to the point of the final divorce decree, he did not participate in the proceedings resulting in the final divorce decree, therefore he satisfied the nonparticipation element of a restricted appeal).

Accordingly, we deny appellees' motion to dismiss.