COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| ARAT DE LA ROCHA AND | | |
| GLORIA DE LA ROCHA, | § | |
| INDIVIDUALLY, AND ARATH | | No. 08-10-00083-CV |
| BUILDERS, INC., | § | |
| | | Appeal from |
| Appellants, | § | |
| | | County Court at Law No. 5 |
| v. | § | |
| | | of El Paso County, Texas |
| JUAN CARLOS LEE D/B/A | § | |
| LEE CUSTOM HOMES, | | (TC # 2007-4840) |
| INDIVIDUALLY, AND | § | |
| DLEE CUSTOM HOMES, INC., | | |
| | § | |
| Appellees. | | |

**O P I N I O N**

Arat De La Rocha, Gloria De La Rocha, and Arath Builders, Inc. bring this restricted appeal from an agreed judgment. We dismiss for want of jurisdiction because Appellants have failed to establish one of the jurisdictional elements of a restricted appeal.

**FACTUAL SUMMARY**

In October 2007, Arath Builders, Inc., represented by Miguel Cervantes, filed suit against Juan Carlos Lee, d/b/a Lee Custom Homes, and DLee Custom Homes, Inc. The pleadings alleged that in 2001, the De La Rochas and Juan Carlos Lee formed a corporation, Arath Homes, Inc., for the purpose of building homes in El Paso. Lee was the president and Gloria De La Rocha was the secretary/treasurer. Arath[1] alleged that Lee withdrew $228,658.13 in corporate funds for his personal

---

[1] Arath Homes, Inc. filed suit using its assumed name, "Arath Builders, Inc.."

use and he fraudulently transferred ownership of real property to himself. The suit stated claims for breach of fiduciary duty, conversion, theft, fraudulent transfer, and to quiet title. Arath also sought a temporary restraining order and a temporary injunction. The trial court entered a temporary restraining order and later an agreed temporary injunction. At this point, Arath was the sole plaintiff in the case.

According to the record before us, the De La Rochas first appeared as plaintiffs in the suit on April 24, 2008 when Cervantes filed a notice for the deposition of Lee. The deposition notice reflects the style of the case as *Arath De La Rocha and Gloria De La Rocha d/b/a Arath Builders, Inc., Plaintiffs, v. Juan Carlos Lee d/b/a Lee Custom Homes, Individually and D Lee Custom Homes, Inc., Defendant*. Cervantes signed the notice as "Attorney for Plaintiff." On June 23, 2008, the De La Rochas d/b/a Arath Builders filed a motion to compel discovery and for sanctions because Lee and his counsel did not appear for the deposition. Like the deposition notice, the motion to compel discovery was styled *Arath De La Rocha and Gloria De La Rocha d/b/a Arath Builders, Inc., Plaintiffs v. Juan Carlos Lee, d/b/a Lee Custom Homes, Individually and D Lee Custom Homes, Inc., Defendant*, and Cervantes signed the pleading as "Attorney for Plaintiffs."

The record also reflects that the De La Rochas and Arath filed a notice of *lis pendens* on Lee's homestead on May 9, 2008. On May 19, 2008, Lee and DLee Custom Homes filed a counterclaim against Arath asserting that the parties had settled the dispute, and the settlement included release of the *lis pendens*, but Arath had breached the settlement agreement. This pleading named only Arath as the counter-defendant. In a first amended counterclaim, Appellees added counterclaims against the De La Rochas for slander of title, breach of fiduciary duty, conversion, and statutory theft. In a second amended counter-claim, Appellees added a cause of action against the De La Rochas for tortious interference with an existing contract. On September 11, 2009, the trial

court granted Appellees' motion to release the *lis pendens* because the De La Rochas and Arath had no interest in the property.

On September 28, 2009, the trial court entered an agreed judgment in favor of the De La Rochas, individually, and Arath, based on a Rule 11 agreement settling the dispute between the parties. The De La Rochas and Arath timely filed notice of restricted appeal from this agreed judgment.

## RESTRICTED APPEAL

To prevail on their restricted appeal, the De La Rochas and Arath must establish that: (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were a party to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Insurance Company of the State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255-56 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX.R.APP. P. 26.1(c), 30. The first three elements are jurisdictional. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex.App.--Fort Worth 2001, pet. denied); *see Laboratory Corporation of America v. Mid-Town Surgical Center, Inc.*, 16 S.W.3d 527, 528-29 (Tex.App.--Dallas 2000, no pet.)(holding that court lacked jurisdiction over restricted appeal because the appellant had timely filed a post-judgment motion and its notice of appeal was filed more than six months after judgment was signed).

### *The Issues Raised on Appeal*

In the first three issues, the De La Rochas contend that the trial court erred by signing the judgment as they had never filed a pleading stating any cause of action, they were never served with process and did not waive service of process with respect to Appellees' counterclaims, and Appellees

did not obtain leave of court to implead them. These issues relate to whether the De La Rochas participated in the hearing that resulted in the challenged judgment. In Issues Four through Nine, the De La Rochas and Arath argue that the trial court erred by signing the judgment for a variety of reasons. We construe these arguments as asserting that error is apparent on the face of the record.

### Arath's Restricted Appeal

Arath does not raise any issues or even argue on appeal that it can establish the jurisdictional elements of a restricted appeal. Given that this is a restricted appeal, Arath must establish the first three elements before we can address whether there is error apparent on the face of the record. It is undisputed that Arath timely filed its notice of restricted appeal and it was a party to the suit below. The only question is whether Arath participated in "the decision-making event" that resulted in the agreed judgment adjudicating its rights. *See Texaco, Inc. v. Central Power & Light Company*, 925 S.W.2d 586, 589 (Tex. 1996). The trial court's judgment recites that the De La Rochas, Arath, and Appellees announced to the court they had settled the dispute and had entered into a Rule 11 agreement, and they agreed that judgment should be entered in conformity with the Rule 11 agreement. Arath's attorney, Miguel Cervantes, signed the judgment indicating his agreement as to form. The clerk's record also contains a copy of the Rule 11 agreement signed by Cervantes and counsel for Appellees. The record before us reflects that Arath, through its attorney, participated in the proceedings which resulted in the judgment Arath seeks to challenge on appeal. We therefore lack jurisdiction of Arath's restricted appeal.

### The De La Rochas' Restricted Appeal

The first element is not at issue in the De La Rochas restricted appeal. With respect to the second element, the De La Rochas and Appellees generally agree that the De La Rochas were parties

to the suit and the judgment.[2]  The only issue, then, is whether the De La Rochas participated in the proceedings which resulted in the agreed judgment.  Appellees assert that the De La Rochas made a general appearance in the case and participated in the decision-making events that resulted in the agreed judgment.

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial the opportunity to correct an erroneous judgment.  *Clopton*, 66 S.W.3d at 516.  It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed.  *Id*.  The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings.  *Parsons v. Dallas County*, 182 S.W.3d 451, 453 (Tex.App.--Dallas 2006, no pet.), *citing Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996).  For purposes of a restricted appeal, "participation" means simply that the appellant participated in the decision-making event that resulted in the judgment adjudicating his rights.  *Texaco*, 925 S.W.2d at 589; *Parsons*, 182 S.W.3d at 453.

The De La Rochas assert that they did not participate in the proceedings below because they did not file suit against Appellees, they were never served with Appellees' counterclaim, and they were not properly impleaded into the case.  They additionally argue that Cervantes was not authorized to represent them.  Appellees respond that the De La Rochas made a general appearance in the case.

---

[2]  In their brief, the De La Rochas state they were parties to the suit, but they also make the contradictory assertion that they were not parties because they did not sue Appellees, they were never served with citation, and they did not enter an appearance in the case.  The De La Rochas direct these same arguments at the third element of a restricted appeal.  If the De La Rochas are correct that they are not parties, they are not permitted to maintain this restricted appeal and we would be required to dismiss for want of jurisdiction.  Appellees note the inconsistent positions taken by the De La Rochas, but agree that they were parties.  We will construe the De La Rochas' assertions as being directed only at the third element.

We begin with Cervantes' authority to represent the De La Rochas. The record reflects that Cervantes, acting on behalf of the De La Rochas, filed several pleadings, entered into the Rule 11 agreement which settled the case, and approved the agreed judgment which memorialized the parties' agreement. There is no evidence that Cervantes was not authorized to represent the De La Rochas. *See Lewis v. Beaver*, 588 S.W.2d 685, 687 (Tex.Civ.App.--Houston [14th Dist.] 1979, writ ref'd n.r.e.)(holding that appellants could not deny attorney's authority to act on their behalf in entering into an agreed judgment and obtain review by writ of error where there was no evidence in the record to support their claim).

A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Exito Electronics, Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004); *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998), *citing Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 324, 327 (Tex.App.--El Paso 1994, writ denied). By sending a notice for Lee's deposition, the De La Rochas recognized that an action was properly pending in the trial court. Further, they sought affirmative action from the trial court by filing a motion to compel Lee's deposition and for sanctions. We conclude that the De La Rochas made a general appearance in the suit.

Finally, we address whether the De La Rochas participated in the decision-making event that resulted in the agreed judgment. Cervantes signed the Rule 11 agreements settling the case. The agreed judgment recites that the "Plaintiffs, Arat De La Rocha and Gloria De La Rocha, Individually and Arath Builders, Inc.," and Appellees came before the court and announced that they had settled all claims and causes of action in the case, had entered into a Rule 11 agreement to memorialize the settlement, and had requested that the court enter judgment to conform to the Rule 11 agreement.

The judgment further recites that the court, having been fully advised of the Rule 11 agreement between the parties, approved the entry of the agreed judgment. Miguel Cervantes' signature is found on the judgment indicating that he approved it as to form. It states beneath his signature that he is the "Attorney for Plaintiffs." Based on the record, we conclude that the De La Rochas, through their attorneys, participated in the decision-making events that resulted in the agreed judgment. *See Clopton*, 66 S.W.3d at 516 (finding that appellants participated in the decision-making events that resulted in the dismissal order where appellants' attorney signed a joint motion to sever and dismiss with prejudice and agreed to the dismissal order signed by the trial court). Accordingly, we dismiss the restricted appeal for want of jurisdiction. *See id.* at 516-517.


August 31, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment