

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00177-CV

Gerald **PORTER**,
Appellant

v.

Lydia **SERNA**, Galan G., Jessica M. Garcia, Lorraine C. Salas, and Cheryl Lawson,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 12-07-00162-CV
Honorable Ron Carr, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2013

AFFIRMED

This is a restricted appeal of a final judgment signed by the trial court dismissing inmate

Gerald Porter's lawsuit as frivolous and for failure to comply with Chapter 14 of the Texas Civil

Practice and Remedies Code ("Code").  Porter presents two issues on appeal, asserting: (1) this

court has jurisdiction to consider his appeal; and (2) the trial court abused its discretion in

dismissing his lawsuit for failure to comply with Chapter 14.  We affirm the trial court's judgment.

**BACKGROUND**

On July 20, 2012, Porter filed the underlying lawsuit against five defendants who are prison officials. Porter's petition alleged that two of the defendants were liable for theft in failing to return property taken from him on December 15, 2011, and the remaining defendants were liable for failing to properly investigate his grievance relating to the theft. Porter attached two sets of grievance forms to his petition. Both sets of forms complain about the same events.

The step 1 grievance form for grievance # 2012101814 shows that it was received on February 13, 2012, and the written decision on step 2 was signed on May 23, 2012. Although Porter dated his step 1 grievance form for grievance # 2012108983 on December 30, 2011, the form shows that it was not received until February 24, 2012, and the written decision on step 2 was signed on June 21, 2012. Although Porter filed an unsworn declaration of exhaustion of administrative remedies, he does not state the date the written decisions were received by him.

On August 22, 2012, the Attorney General filed an *amicus curiae* Chapter 14 Advisory, asserting Porter's lawsuit should be dismissed as frivolous and for failure to comply with Chapter 14's procedural requirements because: (1) Porter failed to file an affidavit relating to previous filings as required by section 14.004 of the Code; (2) Porter failed to file his claim before the 31st day after the date on which he received the written decision as required by section 14.005(b) of the Code; (3) Porter failed to state a non-frivolous or non-malicious claim as required by section 14.003 of the Code; and (4) Porter filed a false affidavit or declaration of inability to pay costs warranting dismissal under section 14.003 of the Code. On August 29, 2012, the trial court signed the judgment dismissing Porter's lawsuit as frivolous and for failure to comply with Chapter 14. After the trial court signed the judgment, Porter filed multiple additional filings, including a response to the advisory, which were not before the trial court when it made its ruling.

**JURISDICTION**

In response to Porter's contention that this court has jurisdiction over this appeal, the Attorney General's amicus brief refers to the rules governing regular appeals. In his notice of appeal, however, Porter expressly stated that he was filing a restricted appeal and that he did not receive notice that the final judgment was entered until February 27, 2013. Because Porter did not file a response before the trial court signed the judgment dismissing his lawsuit, we hold that we have jurisdiction to consider this appeal. *See* TEX. R. APP. P. 30;[1] *Parsons v. Dallas County, Tex.*, 182 S.W.3d 451, 453-54 (Tex. App.—Dallas 2006, no pet.) (holding inmate who does not participate in decision-making event that resulted in dismissal entitled to file restricted appeal).

**DISMISSAL**

We review a dismissal of an inmate's suit that is subject to the inmate litigation requirements of the Code for an abuse of discretion. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

As previously noted, the Attorney General's advisory asserted four separate grounds on which the trial court could dismiss the lawsuit. Porter addresses only one of those grounds in his brief. By failing to challenge the remaining three grounds, Porter waived any issue with regard to a dismissal on those bases, and we could affirm the trial court's judgment for that reason. *See Norton v. Ambriz*, No. 04-01-00638-CV, 2002 WL 2012627, at *1 (Tex. App.—San Antonio Sept.

---

[1] Porter filed his notice of appeal within the fifteen-day period for filing a motion for extension of time to file his notice of appeal, and his notice of appeal stated that he did not timely receive notice of the trial court's judgment which is a reasonable explanation for failing to timely file his notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying motion for extension of time when appellant acting in good faith files notice of appeal within the fifteen-day period in which appellant would be entitled to move to extend the filing deadline).

4, 2002, no pet.) (not designated for publication). In the interest of justice, however, we will address the only ground Porter raises on appeal.

Section 14.005(b) requires a trial court to dismiss a claim of an inmate that is filed more than thirty-one days after the date the inmate received the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002). To enable the trial court to determine whether dismissal under section 14.005(b) is appropriate, the inmate is required to file an affidavit or unsworn declaration stating the date the written decision was received by the inmate together with a copy of the written decision. *Id*. at § 14.005(a).

In this case, Porter's unsworn declaration did not state the date the written decision was received, which provided an independent basis for dismissal. *See Hatcher v. TDCJ-Institutional Div.*, 232 S.W.3d 921, 924-25 (Tex. App.—Texarkana 2007, pet. denied) (holding trial court did not abuse its discretion in dismissing claim where inmate failed to file an affidavit of unsworn declaration in compliance with section 14.005(a)); *Moore v. Zeller*, 153 S.W.3d 262, 264 (Tex. App.—Beaumont 2004, pet. denied) (same). Moreover, the deadline for filing his lawsuit ran from the date of his first-filed grievance because the filing of a second grievance relating to the same subject matter will not extend the deadline. *Hoffman v. Torres*, No. 13-13-00161-CV, 2013 WL 5434679, at *2 (Tex. App.—Corpus Christi Sept. 26, 2013, no pet.) (mem. op.); *Allen v. Tex. Dept. of Crim. Justice-Institutional Div.*, 80 S.W.3d 681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). From the face of the record, Porter did not file his lawsuit until almost sixty days after the date the written decision was signed on May 23, 2012. Based on the record, therefore, the trial court did not abuse its discretion in concluding that Porter failed to file his lawsuit before thirty-one days from the date he received the written decision. Accordingly, the trial court did not abuse its discretion in dismissing Porter's lawsuit.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice