# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00391-CV

**Henrietta Tafoya, Appellant**

**v.**

**Green Tree Servicing LLC f/k/a Green Tree Financial Servicing Corp., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-13-001038, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellee Green Tree Servicing LLC f/k/a Green Tree Financial Servicing Corp. sued appellant Henrietta Tafoya, alleging that she defaulted on payments due under a Manufactured Home Retail Installment Contract (the Contract). In its suit, Green Tree sought to recover the accelerated amounts due under the Contract, possession of the manufactured home, and attorney's fees. The trial court granted Green Tree's motion for summary judgment on all of its claims and awarded the relief requested. In this restricted appeal, Tafoya challenges the summary judgment on the grounds that it is (1) void for failure to comply with the applicable rules of procedure and (2) not supported by sufficient evidence. Green Tree contends that Tafoya is not entitled to relief by restricted appeal because she actually participated in the proceeding that resulted in the final judgment. We agree and therefore dismiss the appeal for want of jurisdiction.

To prevail in a restricted appeal, Tafoya must demonstrate that (1) the notice of restricted appeal was filed within six months of the date of the final judgment or order; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements are jurisdictional and cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

The crucial jurisdictional issue in this case is whether Tafoya participated in the hearing that resulted in the judgment. The policy underlying the nonparticipation requirement is to deny restricted appeal to those who should reasonably have pursued the quicker method of ordinary appeal. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). Courts construe the nonparticipation requirement liberally in favor of a right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).

To determine whether Tafoya meets the nonparticipation requirement of a restricted appeal, we ask whether she took part in the decision-making event that resulted in the adjudication of her rights. *Texaco*, 925 S.W.2d at 589; *Parsons v. Dallas Cnty.*, 182 S.W.3d 451, 453 (Tex. App.—Dallas 2006, no pet.). The nature and extent of participation necessary to preclude a restricted appeal in any particular case is a matter of degree, because trial courts decide cases in a wide variety of procedural settings. *Texaco*, 925 S.W.2d at 589; *Parsons*, 182 S.W.3d at 453. It is

2

the fact of nonparticipation, not the reason for it, that determines a person's right to pursue a restricted appeal. *Texaco*, 925 S.W.2d at 589.

In the present case, Tafoya challenges the final judgment granting Green Tree's traditional motion for summary judgment. *See* Tex. R. Civ. P. 166(a). The summary-judgment motion was mailed to Tafoya at the address stated in the contract. Shortly thereafter, a notice of the hearing setting was mailed to Tafoya at the same address. Tafoya did not file a response to the summary-judgment motion, objections to Green Tree's summary-judgment evidence, or controverting evidence. She did, however, attend the summary-judgment hearing and orally argued in opposition to the summary-judgment motion.[1] The trial court informed Tafoya that no evidence could be taken at the summary-judgment hearing, the disposition of the motion would be based on the papers on file, and in the absence of a response filed in accordance with the rules, the court was required to grant summary judgment in Green Tree's favor. The court further advised Tafoya that the ruling would not be final for 30 days, that she would need to file her appeal within thirty days,

---

[1] Tafoya provided the following argument at the hearing:

I'd like to say that I have not stopped paying my payments. They've sent checks back. They've sent November and December's payments back. I'm getting—I've lived in Texas for 15 years in my home, and they're mailing—they're sending the billing to New Mexico to my mother's house.

. . . .

I've been paying all this time and I don't know why they've not been receiving it, or I don't know what the problem is. I have been paying my payments. I don't—you know, I don't know why they say I'm defaulting.

and that if she had controverting evidence she could present that to the court within the same 30-day period so that she could avoid losing her home.

Tafoya nonetheless contends that she did not "participate" in the summary-judgment decision because she did not file a written response to the motion for summary judgment and was a "mere spectator" at the summary-judgment hearing. Summary judgments are decided based on the motion, response, and evidence on file; no oral hearing is required; and no evidence or testimony is permitted at a summary-judgment hearing if one occurs. Accordingly, courts have held that a restricted appeal is unavailable when a party has filed a response to a summary-judgment motion but did not appear at the summary-judgment hearing. Tafoya relies on these cases for the proposition that, in the summary-judgment context, filing a response is necessary to satisfy the participation requirement rather than merely sufficient. *See, e.g.*, *Stubbs*, 685 S.W.2d at 645 ("[T]aking part in all steps of summary judgment proceeding except appearing at hearing on motion for summary judgment . . . constitutes participation." (internal citations omitted)). A summary judgment, however, must stand or fall on its own merits, and a non-movant is not required to file a response to a traditional motion for summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511-12 (Tex. 2014). Thus, "it does not follow that a party who appears [at the summary-judgment hearing], but does not file a response to the summary-judgment motion, has not participated." *Moya v. Firstar Bank, Nat'l Ass'n*, No. 05-02-00455-CV, 2003 WL 564923, at *1 (Tex. App.—Dallas Feb. 28, 2003, pet. denied) (mem. op.); *see Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) ("A restricted appeal is only available where appellant neither filed a response nor appeared at the hearing on the summary judgment motion.").

4

By personally appearing at the summary-judgment hearing after being duly noticed of the hearing and by presenting argument in opposition to the summary-judgment motion, Tafoya participated in the hearing that resulted in the judgment. Contrary to Tafoya's assertion otherwise, the record does not support her contention that she was a mere spectator in the courtroom. *Cf., e.g.*, *Specia v. Specia*, 292 S.W.2d 818, 819 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.) (will beneficiary did not participate in trial when he had filed no pleadings but sat in courtroom during entire trial); *cf. also Allen v. Allen*, 647 S.W.2d 356, 360-61 (Tex. App.—El Paso 1982, no writ) (party's attorney appeared at hearing for purpose of nonsuit of one matter, but trial court also considered motion filed in different cause, which was not announced at hearing, and party had never been served with motion).

Under the circumstances presented here, Tafoya's presence at and participation in the decision-making proceeding that produced the disputed summary judgment was sufficient to foreclose the availability of restricted appeal. We therefore dismiss this appeal for want of jurisdiction.[2]

---

[2] Even if we were to assume that the trial court's judgment here is void, as Tafoya alleges, Texas courts have consistently held that a party cannot attack a void judgment in an untimely direct appeal. *See, e.g.*, *Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 596-97 (Tex. App.—Dallas 2004, pet. denied) (rejecting parties' argument that void orders can be attacked by direct appeal at any time, including time that would otherwise be too late under rules of appellate procedure); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that appellant cannot collaterally attack, in same proceeding, order that it failed to timely appeal); *In re Estate of Courvier*, No. 04-07-00469-CV, 2007 WL 2935809, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.) ("Assuming, without deciding, that the trial court's . . . judgment is void, [appellant] was required to file a timely notice of appeal in order to challenge it on direct appeal."); *Standifer v. Cepeda*, No. 05-05-00725-CV, 2005 WL 2212291, at *1 (Tex. App.—Dallas Sept. 13, 2005, no pet.) (mem. op.) (holding that court lacked jurisdiction over restricted appeal because "[e]ven void orders must be timely appealed"); *Rollins v. Beaumont*,

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   December 30, 2014

---

No. 05-04-01859-CV, 2005 WL 2100278, at *2 (Tex. App.—Dallas Sept. 1, 2005, no pet.) (mem. op.) ("[A] party cannot attack even allegedly void orders in an untimely appeal.").  Because Tafoya did not timely appeal the trial court's judgment and has not satisfied the requirements for a restricted appeal, we have no jurisdiction over this appeal. *See, e.g.*, *Thompson v. Beyer*, 91 S.W.3d 902, 905 (Tex. App.—Dallas 2002, no pet.).