

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00384-CV

———————————————

EX PARTE M.S.

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-E13986-17

---

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

This case presents a familiar sequence of events: after pleading guilty to online solicitation of a minor, M.S. was placed on community supervision; the online solicitation statute was then declared facially unconstitutional, and M.S. obtained habeas relief; M.S. subsequently secured an order expunging any records related to the offense, and the Texas Department of Public Safety (DPS) filed a restricted appeal raising a single issue. We addressed nearly identical circumstances in two recent cases.[1]

Just as in prior cases, DPS argues that because M.S. was placed on community supervision, any records related to the arrest may not be expunged. As before, we must respectfully disagree. Because it was rendered under a facially unconstitutional statute, M.S.'s community supervision was void, empty of consequence; in effect, it was no community supervision at all, and it poses no obstacle between M.S. and the expunction he desires. We therefore dismiss DPS's appeal for want of jurisdiction.

## I.  Background

On October 27, 2009, M.S. was arrested by the Fort Worth Police Department for online solicitation of a minor under former section 33.021(b) of the Texas Penal Code. *See* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167–68. M.S. was subsequently indicted, and in 2011, he pleaded guilty in

---

[1]*See Ex parte J.H.*, No. 02-17-00338-CV, 2018 WL 4024757, at *1 (Tex. App.—Fort Worth Aug. 23, 2018, pet. filed) (mem. op.); *Ex parte E.H.*, No. 02-17-00419-CV, 2018 WL 4050556, at *1–2 (Tex. App.—Fort Worth Aug. 16, 2018, pet. filed).

exchange for seven years' deferred adjudication community supervision and a $2,000 fine, among other conditions. In 2013, the court of criminal appeals struck down former section 33.021(b) as facially unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). In 2016, M.S. was granted habeas relief vacating the order of deferred adjudication, and his indictment was dismissed.

In 2017, M.S. filed a petition to expunge the records of his arrest, which he subsequently amended multiple times. DPS and the Tarrant County District Attorney filed answers denying that M.S. was entitled to expunction. After holding a hearing, the trial court granted M.S.'s petition on June 8, 2018. The order of expunction stated that the statute under which M.S. was prosecuted was void, and his indictment was therefore void *ab initio*, leading to its dismissal. The order further recited that the charge had not resulted in a final conviction and was no longer pending, and there was as a matter of law no court-ordered community supervision for any offense. DPS filed a notice of restricted appeal on November 19, 2018.

## II. Discussion

In its sole issue, DPS argues that error appears on the face of the record because M.S. pleaded guilty and received court-ordered community supervision, thus rendering him ineligible for expunction. M.S. responds with a brief containing only two full sentences of argument, which we reproduce in full: "A void order of probation is void, and cannot bar expunction. This Court, among others, has resolved this issue." [Footnotes omitted.] In a footnote, M.S. cites our opinions in

3

*Ex parte E.H.*, No. 02-17-00419-CV, 2018 WL 4050556 (Tex. App.—Fort Worth Aug. 16, 2018, pet. filed) and *Ex parte J.H.*, No. 02-17-00338-CV, 2018 WL 4024757 (Tex. App.—Fort Worth Aug. 23, 2018, pet. filed) (mem. op.). The thrust of M.S.'s argument is that we have already thoroughly addressed this issue in two recent opinions, decided on equivalent facts, and the result should be the same here. We agree with M.S.

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the order or judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the order or judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *Ex parte K.K.*, No. 02-17-00158-CV, 2018 WL 1324696, at *2 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied); *C&V Club v. Gonzalez*, 953 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1997, no writ); *see De La Rocha v. Lee*, 354 S.W.3d 868, 872 (Tex. App.—El Paso 2011, no pet.).

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *K.K.*, 2018 WL 1324696, at *3. However, to the extent that the ruling

turns on a question of law, we review it de novo because the trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.*

In *E.H.*, this court grappled with the issue of how to handle expunction petitions in the wake of *Ex parte Lo*'s declaration that the online solicitation statute was unconstitutional. *E.H.*, 2018 WL 4050556 at *1. The applicant had served community supervision, which in general would render him ineligible for expunction. *See id.* at *4 (citing a former version of Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)). However, we examined the expunction statute and surveyed the relevant case law, much of which suggested that a prosecution based on this unconstitutional statute should be considered void *in toto*, including any indictment or resulting community supervision, such that it was as if the community supervision had never occurred. *Id.* at *5–7. We held that if the indictment was dismissed because it was void, then regardless of whether time of any sort was served, the applicant should be entitled to expunction. *Id.* at *7. "[W]hen the indictment disappeared as a result of . . . habeas corpus relief because the statute that authorized it was void, so too did the conditions upon which [the applicant] was 'confined.'" *Id.* We therefore found no error on the face of the record and dismissed DPS's restricted appeal for want of jurisdiction. *Id.* at *8.

Other courts have reached similar conclusions based on similar facts:

The expunction statute does not foreclose applications based on the understanding that when a prosecution was void *ab initio*, any resulting

court-ordered community supervision also was void *ab initio*, just as any resulting conviction was likewise void *ab initio*. . . .

. . . .

. . . Under the expunction statute as currently written, an episode of community supervision imposed pursuant to a void statute must be treated just as it would be treated in other legal circumstances: as a legal nullity, vanished in a puff of smoke, stuffed down the memory hole just like the expunction of official documents that the Legislature has authorized for people convicted then acquitted under an unconstitutional statute.

*Tex. Educ. Agency v. S.E.H.*, No. 01-16-00420-CV, 2018 WL 6839727, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 28, 2018, pet. filed) (en banc) (footnotes omitted); *see Ex parte C.D.*, No. 12-17-00309-CV, 2018 WL 3569838, at *3 (Tex. App.—Tyler July 25, 2018, pet. filed) (mem. op. on reh'g) ("As a result of the order being vacated, it is as if the trial court never ordered C.D. to serve community supervision.").

The facts of M.S.'s case are virtually identical to those found in *E.H.* Thus, like in *E.H.*, we determine that DPS has failed to show error on the face of the record. *See J.H.*, 2018 WL 4024757, at *2 (affirming expunction on facts similar to *E.H.*). We overrule DPS's first and only issue.

## III.   Conclusion

Having overruled DPS's sole issue, we dismiss this restricted appeal for want of jurisdiction.  *See K.K.*, 2018 WL 1324696, at *2.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  May 23, 2019